[Civ. No. 5951. Second Appellate District, Division Two.—January 2, 1931.]

JOHN R. EDMUNDS et al., Appellants, v. C. E. HYSONG et al., Respondents.

Sloan Pitzer for Appellants.

No appearance for Respondents.

ARCHBALD, J., *pro tem.* — This is an appeal from a judgment of the superior court reversing a judgment of the municipal court of the city of Los Angeles and ordering a new trial.

Appellants brought suit in the municipal court against respondents for the sum of $883.50 and interest on the purchase price of a gasoline service station claimed to have been sold by plaintiffs to the defendants. The municipal court awarded plaintiffs judgment in the sum of. $848.50, which judgment was appealed to the superior court and reversed on the ground of insufficiency of the evidence to sustain the verdict and a new trial ordered. Defendants submitted as a part of their statement on appeal the complaint and a transcript of the testimony taken on the trial, which statement on appeal was filed in the superior court July 12, 1927, together with a transcript of the docket in the municipal court and the notice of appeal, which recites that it is taken on questions of law. Thereafter and on August 2, 1927, an affidavit was filed in the superior court by defendants with the request that an order issue to the clerk of the municipal court directing such officer to transmit certain exhibits mentioned therein which were introduced in evidence at the trial, and an order was made pursuant thereto, as a result of which certified copies of all such exhibits were made and transmitted to the clerk of the superior court and appear in the record before us. The statement on appeal refers to the answer as being a part of it, but the record shows that a certified copy of such answer was filed in the superior court August 16, 1927. It is contended by appellant that the superior court erred in ordering such certified copies of the exhibits, as well as the answer, to be filed.

The appeal in this case was filed with the clerk of the municipal court June 3, 1927. On July 29, 1927, sec-

tion 988b of the Code of Civil Procedure became effective, which reads in part as follows: "If it appear that there is any paper or record in the custody of the clerk of the municipal court which was before said court but which is not included in the record on appeal, and that an examination of such paper or record will assist in the determination of the appeal on its merits, the superior court may, on motion of either party or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal." Such amendment affords ample authority for the addition to the record of the papers objected to, but counsel urges that it is not applicable because it was not in existence at the time the appeal was taken and is not expressly declared to be retroactive. Such an amendment affecting procedure only and not substantial rights is applicable to actions pending when it becomes effective (*Maguire* v. *Cunningham,* 64 Cal. App. 536 [222 Pac. 838]); and as the amendment was in effect before the order was made, even though after notice of appeal filed, there was no error in making the order.

■ It was the contention of the plaintiff in the trial court that the service station in question, with the fixtures, equipment, stock in trade, goodwill and leases, was sold and delivered to the defendants for the agreed price of $700 cash and the assumption and payment by the latter of balances of $148.50 and $35 due, respectively, on a gasoline pump and a cash register, all of which was unpaid. The defendants denied that they bought the property mentioned and alleged that the plaintiffs represented to them that they owned the service station free and clear of encumbrances, except the unpaid balances on the pump and cash register; that they would arrange for the payment of such balances by the defendants in monthly installments and would remain at the service station while the escrow was pending. The parties executed an escrow agreement into which defendants placed the $700 cash. The escrow agreement provided that plaintiffs were to place therein a notice of sale of the service station, together with a bill of sale of same and *three* assigned leases. The notice of sale was to be recorded immediately. It provided in substance that plaintiffs intended to sell to defendants the stock in trade, etc., of said

service station, located at 4707 North Huntington Drive, Los Angeles, "and that a transfer and assignment of the same will be made, and the purchase price will be paid on Friday, the 21st day of January, 1927," at the office of the escrow-holder, and complied in other particulars with section 3440 of the Civil Code. The escrow agreement also provided that the bill of sale and assigned leases were to be held until Friday, January 21, 1927, at 10 o'clock A. M., at which time, unless bills of creditors had been filed in excess of the $700 deposited, they were to be delivered to the vendees, and also that "in the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to complete the same at the earliest date possible thereafter unless I shall have made a written demand upon you for the return of the money and instruments deposited by me." On the reverse side of such agreement, and made a part of it by reference, among other provisions was the following: "No rescission of this escrow or modification of its terms or any notice or demand shall be of any effect without joint consent in writing subscribed by the parties hereto and assented to by California Bank." After the time so fixed for the closing of the escrow respondents made written demand on the escrow-holder for the return of their papers and money, the demand stating that Edmunds and Ayers had not complied with the terms of the escrow agreement to be performed by them.

There is a conflict in the evidence so far as the alleged agreement of plaintiffs to remain at the service station while the escrow was pending is concerned, and also as to whether or not a lease executed by the appellants to one Hardy of a part of the ground covered by the leases to be assigned to respondents was in force and effect while the escrow was pending; also as to whether or not appellants were to arrange with the parties from whom the pump and cash register were being purchased for the payment of the balance in monthly installment payments. The judgment of the trial court as to each contention cannot be disturbed on appeal for the reason that the appellate court might not have decided them the same way. The evidence shows, without conflict, both appellants so testifying, that at least two of the leases called for by the escrow agreement were not

delivered to the escrow-holder until after January 21, 1927, at 10 o'clock A. M., and after demand had been made for the return of their money by respondents.

Counsel for appellants urges, however, that inasmuch as the plaintiffs and the escrow-holder did not consent in writing to the rescission of the agreement between the parties as required by the provision of the escrow agreement above quoted, it became a complete contract upon the deposit in escrow of the required leases and respondents were liable for the purchase price agreed upon. The two provisions of the escrow agreement, quoted above, do not seem to be in conflict. There was no rescission of the escrow under the paragraph relied upon by appellants. The escrow expired by its own provision. It is true that in the absence of a demand by one or both of the parties for a return of the papers or money deposited the escrow-holder was authorized to complete the same even after the expiration date, but that authority was terminated by the demand made by respondents, the appellants not having at the time of such demand complied with the conditions to be performed by them. Under the circumstances of the case the superior court did not err in reversing the judgment of the municipal court and in ordering a new trial of the case.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.