[Civ. No. 9019. First Appellate District, Division Two.—December 11, 1933.]

IDA STEVENS, Appellant, v. FRANK BRYSON, Public Administrator, etc., Respondent.

E. L. Brady for Appellant.

Loyd Wright, Charles E. Millikan and S. Earl Wright for Respondent.

SPENCE, J.—Plaintiff brought this action against the administrator of the estate of her deceased husband, seeking the cancellation of a deed. At the close of plaintiff's case defendant made a motion for nonsuit, which motion was granted and judgment was entered in favor of defendant. Plaintiff appeals from said judgment.

Plaintiff and deceased were married in 1923. In November, 1924, the parties entered into an arrangement whereby plaintiff conveyed to the deceased an undivided one-half interest in a piece of real property located in Los Angeles and the deceased conveyed to plaintiff an undivided one-half interest in a piece of real property located in Kings County. Thereafter these pieces of real property stood in the names of plaintiff and deceased as tenants in common. Deceased died in October, 1928, and defendant was appointed as administrator of the estate in November, 1928. This action to cancel the conveyance made by plaintiff to the deceased in 1924 was not commenced until June, 1931.

In her complaint plaintiff alleged in effect that deceased had obtained said conveyance by fraud, duress and undue influence. She further alleged, "That plaintiff first discovered the falsities and tricks and deceptions which the

decedent played upon her in the matters and things above set out a short time after decedent's death in October, 1928." Defendant answered denying practically all of the material allegations of the complaint. Defendant further alleged that plaintiff's alleged cause of action was barred by laches and the statute of limitations. At the trial plaintiff testified that deceased forced her to sign the deed and further testified that she first learned of the falsity of certain alleged representations in October, 1928.

We find no error in the trial court's ruling. Respondent urges several grounds in support thereof, but we deem it unnecessary to discuss all of them. Appellant's cause of action for cancellation of the deed was essentially one for rescission. Assuming without deciding that her allegations of discovery within three years prior to the commencement of the action were sufficient to prevent the running of the statute of limitations (see *Consolidated Reservoir & Power Co.* v. *Bowen,* 216 Cal. 787 [16 Pac. (2d) 271]), we are nevertheless of the opinion that appellant was not entitled to prevail in this action for rescission. The right to rescind is governed by section 1691 of the Civil Code and said right is dependent upon prompt action upon discovery of the facts. (*Campbell* v. *Title Guarantee etc. Co.,* 121 Cal. App. 374 [9 Pac. (2d) 264].) If it be conceded for the purpose of this discussion that appellant might have rescinded or brought an action for that purpose provided she acted promptly after the death of her husband and the alleged discovery of the facts, she certainly may not be said to have acted promptly when she failed to take any action for two years and eight months thereafter. She neither pleaded nor proved any excuse whatever for the delay from October, 1928, to June, 1931, and this delay was fatal. (*Campbell* v. *Title Guarantee etc. Co., supra,* and cases therein cited.)

Appellant contends that "the defense of laches is not sufficient, no prejudice having been shown by the defendant". Authorities are cited by appellant showing the conditions under which laches may be urged as a defense barring the remedy in equitable actions generally. (See 10 Cal. Jur. 530 and cases cited.) While there is some general language in the decisions which apparently lends support to appellant's contention, we believe that the require-

ment of prejudice resulting from delay should be confined to those cases in which delay merely affects the remedy and not the right. In cases involving rescission, failure to act promptly affects the right. Section 1691 of the Civil Code requires prompt action regardless of the question whether prejudice may result from delay and a person seeking to avail himself of the provisions of that section must affirmatively show that he has acted promptly. The distinction between actions for rescission where delay affects the right and other actions where delay merely affects the remedy is clearly suggested in *Victor Oil Co.* v. *Drum,* 184 Cal. 226, at page 243 [193 Pac. 243], where the Supreme Court, in discussing the "defense of laches", said: "The distinction must also be borne in mind between such a case as the present and one where relief against fraud is sought by way of rescission. There the party defrauded, *as a condition of his right to rescind,* must act promptly upon discovering the facts which give him the right." (Italics ours.) We are therefore of the opinion that the question of whether prejudice resulted from the delay was immaterial in the case before us.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.