MERLE CROWELL and MARY CROWELL, Plaintiffs, v. CHARLES S. PRYOR, Individually and as Trustee, Defendant.

First Department, June 23, 1936.

*Theodore B. Richter* of counsel [*Gladstone, Richter, Cohen & Kirsh,* attorneys], for the plaintiff Merle Crowell.

*Jacob L. Steisel* of counsel [*Howard E. Reinheimer,* attorney], for the plaintiff Mary Crowell.

*William C. Mayer,* for the defendant.

O'MALLEY, J. The questions presented by this submission of controversy are (1) whether a separation agreement between the plaintiffs set up a trust of personal property; and (2) if so, whether it may be revoked under the provisions of section 23 of the Personal Property Law, by consent of the parties to this submission.

The plaintiffs, at the time of the execution of the separation agreement, October 21, 1930, were husband and wife. They then had, and now have, two children, Robert Crowell and Gordon Crowell, who were seven and four years of age respectively when the agreement was made.

So far as material to the questions presented, the agreement provided for the transfer by the plaintiff husband to the defendant, as trustee, of 118 shares of stock of Crowell Publishing Company.

The plaintiff wife was to contribute in like manner 215 shares of said stock to the trustee, the income to be used by him for the uses and purposes described.

The shares of stock were to be transferred to the trustee " with the express stipulation that all income therefrom shall be paid to the said wife, until such time as the said issue shall have reached their majority, at which time the said shares of stock, if mutually agreeable to the said husband and wife, may be returned to the said husband and wife " in the proportions they severally had contributed. The husband " during the minority of said children " was to pay to the wife a sum of money which would represent the difference between the income received from the shares of stock, or any stock dividend, and $5,200 per annum.

It was further understood and intended by the plaintiffs that this sum of $5,200 was to be received yearly by the wife " for herself *and the said issue* until such time as said children shall reach their majority, when One Thousand Dollars ($1,000) a year deduction for each child is to be made in the amounts to be received by said wife; so that after the said issue shall reach their majority the said wife shall receive yearly payments " in a total of $3,200. (Italics ours.)

A further clause provided that in the event a divorce should be obtained by either of the parties, now plaintiffs, " and the said wife should remarry," the defendant trustee was authorized and directed to deliver to her " upon her remarriage," the shares of stock contributed by her, together with any accumulations. In the event of the wife's divorce and remarriage, the annual payment of $5,200 was to be reduced so that the plaintiff husband was to be obligated to pay the wife $1,000 yearly for each child. Upon a divorce and the remarriage of the wife, it was provided that the shares of stock of the husband, unlike those of the wife, were to remain in the hands of the trustee " until such time as said issue may reach their majority."

The plaintiff wife obtained a Nevada decree of divorce in October, 1930, shortly after the execution of the separation agreement. So far as this submission shows, she has not as yet remarried and, of course, the two children have not as yet attained their majority.

The plaintiffs, to compromise differences arising under the separation agreement, sought to revoke it and to enter into another agreement which would provide, among other things, for the surrender of the stock to the respective parties. The defendant trustee, while willing to comply with this arrangement, is uncertain of his authority; hence, this submission.

The contention of the plaintiffs that since the separation agreement provided for annual payments to be made to the wife, the issue had no beneficial interest in the stock, is untenable. From the provisions of the separation agreement referred to it is quite clear that the plaintiffs contemplated that the children in any contingency should be assured of an income of $1,000 each until they reach their majority. It is immaterial that they were not personally to receive this income.

It is true that it was provided that the plaintiff wife might obtain the return of her stock contribution to the trust upon a divorce between the parties and her remarriage. She may not now obtain her stock contribution, however, since only one of the contingencies is shown to have happened — a divorce. It is not shown that she has remarried. There may not, therefore, be even a partial revocation of the trust with respect to her shares.

With regard to the shares contributed by the plaintiff husband the agreement clearly contemplated that the only contingency on which the trust should terminate, so far as the children are concerned, is upon their death, or their attaining majority, whichever event might first occur.

The children have a beneficial interest in the trust under the principles of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298); *Guaranty Trust Co.* v. *Harris* (267 id. 1); *Schoellkopf* v. *Marine Trust Co.* (Id. 358). In the circumstances, it may not be terminated, in the absence of the contingencies provided for in the separation agreement, upon the consent merely of the donors and trustee.

It follows that judgment should be directed for the defendant, but without costs.

MARTIN, P. J., McAVOY, TOWNLEY and GLENNON, JJ., concur.

Judgment unanimously directed for the defendant, without costs. Settle order on notice.