178

[L. A. No. 14236. In Bank.—January 20, 1937.]

Dr. MILES CALIFORNIA COMPANY (a Corporation), Appellant, v. SONTAG CHAIN STORES COMPANY, LTD. (a Corporation), Respondent.

Newlin & Ashburn and Edward S. Rogers for Appellant.

Landels, Weigel & Crocker as *Amici Curiae* on Behalf of Appellant.

Loeb, Walker & Loeb and Herman S. Selvin for Respondent.

WASTE, C. J.—Plaintiff prosecutes this appeal from a judgment of dismissal entered after a demurrer to its amended complaint had been sustained. The action was brought to restrain defendant from selling plaintiff's trade-marked articles at cut-rate prices, and in violation of a sys-

tem of contracts, of which defendant had knowledge, between plaintiff and its distributors, both wholesale and retail, fixing the resale price of plaintiff's products. The complaint alleges that defendant was tendered such a contract but refused to execute it. The activities of defendant are described in detail, and it is alleged that such tactics have been indulged in for the purpose of inducing other distributors to break their contracts with plaintiff. The relief prayed for is that defendant be enjoined from selling plaintiff's trademarked articles at prices less than the resale price fixed by plaintiff in its contracts with other distributors.

The amended complaint was filed in August, 1932, and judgment of dismissal was entered in January, 1933. Subsequent to the rendition of the judgment herein, the legislature amended the Fair Trade Act (Stats. 1931, p. 583) by adding thereto section 1½ (Stats. 1933, p. 793). This amendment prohibits the selling of any trademarked commodity at less than the price stipulated in resale contracts such as are described in the complaint "whether the person so . . . selling is or is not a party to such contract", and defines such activities as unfair competition, and permits injunctive relief. It is obvious that if the 1933 amendment is applicable to the instant case, and if it is constitutional, plaintiff is entitled to the relief prayed for. This is conceded by respondent.

In *Tulare Irr. Dist.* v. *Lindsay-Strathmore Irr. Dist.*, 3 Cal. (2d) 489, 527 [45 Pac. (2d) 972], we had occasion to review at length the question as to the effect, on an appealed case, of a change in the law pending the appeal. After an extensive review of the authorities it was held that "whatever may be the law applicable to appeals generally, the rule is well settled that on appeals involving injunction decrees, the law in effect when the appellate court renders its opinion must be applied".

The constitutionality of section 1½ of the Fair Trade Act was upheld by this court in *Max Factor & Co.* v. *Kunsman*, 5 Cal. (2d) 446 [55 Pac. (2d) 177], and in *Pyroil Sales Co., Inc.*, v. *The Pep Boys*, 5 Cal. (2d) 784 [55 Pac. (2d) 194, 1186]. These cases were affirmed by the United States Supreme Court in December of 1936 (299 U. S. 198 [57 Sup. Ct. 147, 81 L. Ed. 122]) upon the authority of *Old Dear-*

*born D. Co.* v. *Seagram-Distillers Corp.,* 299 U. S. 183 [57 Sup. Ct. 139, 81 L. Ed. 109, 106 A. L. R. 1476].

For the foregoing reasons, and upon the authority of the above cases, the judgment appealed from is reversed.

Langdon, J., Shenk, J., Thompson, J., Curtis, J., and Seawell, J., concurred.