[Sac. No. 5138. In Bank.—April 21, 1939.]

ELIZABETH TOOMEY, Appellant, v. RICHARD J. TOOMEY et al., Respondents.

Geary & Geary, C. J. Tauzer and W. H. Early for Appellant.

Barrett & McConnell for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment entered for defendants after sustaining of a demurrer to her third amended complaint. The action is to annul a property settlement. The defendant husband has been adjudged incompetent, and hence the guardian of his estate is also a defendant. Plaintiff avers that her husband procured her consent to the property agreement by fraudulently misrepresenting the value of his property, and by threat of physical violence to her, and, further, that they became reconciled and resumed marital relations with the understanding that the agreement "was fully abandoned and terminated and that plaintiff was restored to her former rights as a wife".

The property settlement recited that the parties had been living separately for more than a year, and that all property owned or possessed by the husband was his separate property. It assigned to the wife a note which named the husband as payee, in the principal sum of $15,000, secured by deed of trust, and also transferred an automobile to her. It provided that the husband should pay $37.50 a month to the wife for the support of their minor daughter, and that from the $15,000 to be paid on the above note the wife should retain $4,000 in trust for said daughter, to be paid to her when she arrived at the age of twenty-two, with the right to apply said sum to the support of the child if needed. In consideration thereof, the wife relinquished her right to claim support for herself and said child, and all rights in her husband's property, including the right to inherit, and dismissed an action for separate maintenance brought by her.

■ The trial court was correct in its view that the minor daughter should have been made a party to the action. The property agreement, beside providing for monthly payments of $37.50 for the support of said child, established a trust in her favor. The present action is brought to set aside said agreement, or, as to count two, to obtain an adjudication that the agreement was set aside by a reconciliation had with the understanding that plaintiff was restored to her property rights as a wife. The question as to the effect of said reconciliation on the rights of the child as beneficiary of said trust are necessarily involved, especially in view of the fact that plaintiff offers to restore to her husband the unexpended balance of the promissory note from which the trust fund for the benefit of the child was to be created. Minor children are necessary parties to an action to terminate a trust established in their favor by a property settlement. (*Loock* v. *Pioneer Title Ins. & Trust Co.*, 4 Cal. App. (2d) 245 [40 Pac. (2d) 526]; *De Olazabal* v. *Mix*, 24 Cal. App. (2d) 258 [74 Pac. (2d) 787]; *Crowell* v. *Pryor*, 248 App. Div. 86 [288 N. Y. Supp. 998].)

■ But if the complaint, or any count thereof, is good against the grounds of demurrer urged, it was the duty of the trial court to order that the child be made a party, rather than to dismiss the action for her nonjoinder. (Sec. 389, Code Civ. Proc.; *De Olazabal* v. *Mix, supra.*) The de-

fendants had not objected to nonjoinder of the minor daughter.

■ We are of the view that as to counts one and three, which rely on fraud and threats of physical violence, the court properly sustained the demurrer on the ground that the action was brought too late, but that count two is good as against the general and special demurrer. The property settlement was executed on January 23, 1925. The present action was brought in February, 1935. If it be conceded that plaintiff alleges sufficient reasons for failing to discover the fraud until June 2, 1933, the action was brought within three years of discovery, as provided by the statute of limitations in actions for fraud. (Sec. 338, subd. 4, Code Civ. Proc.) But an action for rescission may be barred by laches for delay less than the period of limitations. (*Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]; *Stevens* v. *Bryson,* 135 Cal. App. 684 [27 Pac. (2d) 932]; 10 Cal. Jur. 549.) In the instant case plaintiff delayed twenty-one months after she alleges she discovered the fraud before bringing suit. ■ A party must rescind promptly on discovery of grounds for rescission. (Sec. 1691, Civ. Code.) The decision of the trial court as to whether delay amounts to laches will not be disturbed in the absence of a clear showing of abuse of discretion. (*Wolpert* v. *Gripton,* 213 Cal. 474, 483 [2 Pac. (2d) 767]; 10 Cal. Jur. 554.)

■ In count two plaintiff alleges that the property settlement was abandoned and annulled by a reconciliation had with the express understanding that plaintiff should be restored "to all her rights as the wife of defendant". (*Estate of Boeson,* 201 Cal. 36, 42 [255 Pac. 800], citing cases; 9 Cal. Jur. 827; note, 85 A. L. R. 420.) This count is in effect an action to obtain a declaratory judgment that upon the alleged reconciliation plaintiff was restored to her rights as a wife. The alleged reconciliation took place on April 1, 1925, less than three months after the execution of the agreement. Plaintiff thereafter lived with her husband until September 1, 1926, she alleges, when he was adjudged insane and committed to an institution. In October, 1927, he was restored to capacity. She again lived with him from the "early part" of 1928 to "about the end" of 1928, she avers. In February, 1929, he was committed a second time, and is still confined.

It appears that plaintiff continued to receive payments upon the note which had been assigned to her by the property settlement and to use them for the support of herself and her daughter. But the allegations of the complaint are consistent with the theory that said agreement was abandoned and cancelled only in so far as it deprived plaintiff of her property rights as a wife. In view of the fact that the defendant husband is alleged to have owned property worth more than $50,000, he might well permit her to retain the $15,000 note upon their reconciliation. Furthermore, $4,000 of the $15,000 to be received on the note was to be held in trust by the wife for the minor child. We are of the opinion that in the face of only a general demurrer as to this phase of the complaint, this count states a cause of action based upon the rescission of the agreement upon the reconciliation of the parties in 1925.

It is true that in paragraph VIII of the first cause of action the plaintiff offers to restore the unexpended balance of the moneys received by her under the property settlement, and that this allegation is inconsistent with the allegations in count two which already have been interpreted as implying that upon the rescission the husband permitted the wife to retain the moneys given her as part of the property settlement. This paragraph was incorporated by reference into count two. This apparent inconsistency, in the absence of a special demurrer, directed to that particular point, should not, on a general demurrer, be held to defeat plaintiff's cause of action. The true fact as to this point can be developed at the time of trial. If the evidence fails to show a rescission in 1925, with a permissive retention of the moneys received, then plaintiff will have failed to prove her case, and her offer to restore in 1935 would be ineffectual as too late.

If, as plaintiff alleges, she was by express agreement restored to her rights as the wife of defendant, she is not barred from obtaining a declaratory judgment by reason of the lapse of time since the alleged reconciliation. It is not shown that any claim to rights as a wife made by her were refused her by her husband, or his guardian. That is, there is no showing of any act on the part of the husband or his guardian in denial of the rights restored to her which would have required affirmative action on her part.

Count two is not subject to defendant's special demurrer on the ground that it unites two causes of action not separately stated. In three separate and distinct counts plaintiff attempted to state causes of action based on fraud, on subsequent reconciliation, and on threats of physical violence, respectively. The second count is not subject to the objection that it unites two causes of action merely because it incorporates by reference allegations of the first count.

The judgment for defendants is affirmed in so far as it applies to counts one and three. As to count two, the judgment is reversed.

Edmonds, J., Langdon, J., Curtis, J., Shenk, J., and Houser, J., concurred.

Rehearing denied. Houser, J., voted for a rehearing.