[Civ. No. 12034. First Dist., Div. One.   Aug. 19, 1942.]

A. EUGENE CHILBERG et al., Appellants, v. THE CITY
    OF LOS ANGELES (a Municipal Corporation) et al.,
    Respondents.

Morris Lavine for Appellants.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, Russell B. Jarvis, Assistant City Attorney, and Alfred H. Driscoll, Deputy City Attorney, for Respondents.

WARD, J.—This is an appeal by plaintiffs from a judgment in favor of defendants dismissing the action following the sustaining of their demurrer without leave to amend.

On October 31, 1938, plaintiffs executed a deed to the city of Los Angeles conveying an easement of right of way for an electric transmission line across a half section of land owned by them in consideration of a payment of $50. Plaintiffs claim they were induced to sign the deed through misrepresentation, fraud and deceit; that had they known the real facts they would not have done so; that they were inexperienced in business and legal transactions and believed the right of way was for the privilege of erecting a few poles for electric wires and that such installation would not impair their use and enjoyment of the land, nor diminish its value; that they were altogether unaware that defendants contemplated the construction of high tension electric light, heat and power lines consisting of steel towers, supporting insulators and cables, which when in operation, would carry heavy charges of electrical current and energy and would be dangerous, unsightly and injurious; that it was their understanding that the deed would not convey any interest in the land but would simply be a privilege granted for the purpose above stated; that they were unaware the contemplated installation would require a private and permanent roadway running approximately through the center of their property and containing an area of about twenty-two acres. They further claim that it had been fraudulently represented to them that similar documents and deeds were being executed by others

without any compensation, and that the greatest amount defendants would pay for the desired privilege was the sum of $50.

Plaintiffs contend that they ascertained the true facts in the month of June, 1940, and that they served written notice of rescission on the defendants city of Los Angeles and Department of Water and Power of the city of Los Angeles on January 6, 1941. The notice, dated November 25, 1940, set forth the matters above enumerated, was accompanied by a tender of the consideration paid, and a demand for the cancellation and redelivery of their deed. This being refused by the defendants, the complaint in the present action was filed on March 17, 1941.

The complaint sets forth in a single count a claim for cancellation, rescission, a reconveyance of the easement of right of way, for $2,500 damages and for other relief.

There are sixteen grounds of special demurrer many of which overlap those of general demurrer. The respondents, in urging that the demurrer was properly sustained without leave to amend, advance a number of grounds, namely, (1) The facts alleged in the complaint are not sufficient to show fraud; and in this behalf they argue (a) that it was the duty of appellants to read the deed, which would have fully informed them of what they were conveying thereby, and the burden is on them to overcome the presumption that the written instrument correctly expresses the intention of the parties; (b) if they did not read the deed before signing it they have not shown such a clear and convincing case of fraud as to satisfactorily explain their failure to do so; (c) the matters alleged to have been misrepresented were all disclosed to one reading the deed; and moreover were either true, or matters of opinion, or were not material facts. (2) Appellant's right to rescind is barred by laches, and their right to recover damages is barred by their failure to file a claim within six months, as required by the charter of the city of Los Angeles.

The main question for decision is—does the complaint state a cause of action based on fraud not barred by laches? Unless the complaint shows laches as a matter of law this defense should be raised by answer. However, the defense of laches "may be raised by demurrer, where laches is apparent upon the face of the complaint." (*Garrity* v. *Miller,* 204 Cal. 454, 455 [268 Pac. 622]; *Goodfellow* v. *Barritt,* 130 Cal. App. 548 [20 P. (2d) 740]; *Livermore* v. *Beal,* 18 Cal.

App. (2d) 535 [64 P. (2d) 987).] "The application of the doctrine of laches is not dependent upon a delay of sufficient duration to call into operation the statute of limitations." (*Warfield* v. *Anglo & London Paris Nat. Bank,* 202 Cal. 345, 356-357 [260 Pac. 881].) "If, in the course of an inexcusable delay in the assertion of a right, changes occur in the subject matter of the transaction in suit or in the relative positions of the parties thereto, as a result of which it is impossible to place the parties in statu quo, and the enforcement of the right would work inequity, relief will be denied because of laches. Prejudice to defendant may prevent relief whether the change in circumstances is the result of the delay itself, or is due to the voluntary act of defendant." (30 C. J. S., § 118, p. 540.) (*Warfield* v. *Anglo & London Paris Nat. Bank, supra; Stevenson* v. *Boyd,* 153 Cal. 630 [96 Pac. 284, 19 L. R. A. (N. S.) 525] ; *Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 Pac. 516] ; *Beck* v. *Cagle,* 46 Cal. App. (2d) 152 [115 P. (2d) 613].)

An action for rescission may be maintained only when filed with reasonable diligence. (*Toomey* v. *Toomey,* 13 Cal. (2d) 317, 320 [89 P. (2d) 634] ; *Hellman Commercial T. & S. Bk.* v. *Alden,* 206 Cal. 592 [275 Pac. 794] ; *Stevens* v. *Bryson,* 135 Cal. App. 684 [27 P. (2d) 932].) When the subject of the controversy, as in the present case—land—has been appropriated to public use greater diligence is required as a matter of protection of the public interest. In *Hillside Water Co.* v. *Los Angeles,* 10 Cal. (2d) 677 [76 P. (2d) 681], a proceeding in which it was sought to enjoin the defendant city from flowing, pumping or otherwise exporting water from certain wells, the court said, page 688 : "When a public use has attached a prohibitory injunction should be granted only in the event that no other relief is adequate. (*Montecito Valley Water Co.* v. *Santa Barbara,* 144 Cal. 578 [77 Pac. 1113].) In such cases compensation in lieu of injunction is preferred. (*Newport* v. *Temescal Water Co.,* 149 Cal. 531, 538 [87 Pac. 372, 6 L. R. A. (N. S.) 1098].) The doctrine that intervention of a public use will foreclose the right to an injunction rests not only on estoppel. The doctrine may be applicable even though the aggrieved party be in ignorance of the violation of his rights. In other words, implied dedication to public use is not essential to the operation of the doctrine. Public policy in favor of a continuance of the public use may also be invoked to prevent a prohibitive injunction. (*Peabody*

v. *Vallejo, supra,* [2 Cal. (2d) 351, 40 P. (2d) 486], p. 378.)
When public use has attached for any recognized reason re-
verse condemnation proceedings may be invoked and applied.''

██  When a project for the use of water, land, power, etc., by
the public has matured to the extent of having been put into
service and its benefits enjoyed, any attempt to interfere with
such vested public use by means of injunction, ejectment or
a suit to quiet title is not approved.  ''Under such circum-
stances, his remedy will be confined to a mere right to recoup
adequate damages to compensate him for the loss of his prop-
erty on account of such appropriation.  This remedy is based
on the theory that although the intervening public rights
prevent interference with the use and control of the prop-
erty on the part of the owner, he is, nevertheless, entitled to
compensation on the principle applicable to a proceeding in
reverse condemnation.  Private property may not be taken,
even for the benefit of the public, without just compensa-
tion.  That principle has been frequently announced by the
decision of our courts.  (*Gurnsey* v. *Northern Cal. Power Co.,*
160 Cal. 699 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *Collier*
v. *Merced Irr. District,* 213 Cal. 554, 563 [2 P. (2d) 790];
*Peabody* v. *City of Vallejo,* 2 Cal. (2d) 351, 377 [40 P.
(2d) 486]; *Hillside Water Co.* v. *Los Angeles,* 10 Cal. (2d)
677, 688 [76 P. (2d) 681].)''  (*Peckwith* v. *Lavezzola,* 50
Cal. App. (2d) 211, 218 [122 P. (2d) 678].)  This rule is
equally applicable to a remedy by rescission.  (Civ. Code,
§ 1691.)  In the present case, the complaint alleged the erec-
tion and maintenance of high tension electric light, heat and
power lines, which consist ''of steel towers, supporting insu-
lators and cables, and [defendants] did construct and now
maintain a private and exclusive permanent roadway with
'no trespassing' signs thereon, all of which runs approxi-
mately through the middle of plaintiffs' property and has
taken approximately twenty-two acres thereof.''  Upon the
allegations as they appear in the complaint, a public use
having matured, plaintiff is relegated to an action for dam-
ages.  (*Williams* v. *Merced Irr. Dist.,* 4 Cal. (2d) 238 [48 P.
(2d) 664]; *Los Angeles Athletic Club* v. *Long Beach,* 128
Cal. App. 427 [17 P. (2d) 1061].)

The complaint alleged that the deed was executed October
31, 1938, and that ''in the month of June, 1940, plaintiffs
ascertained and learned the fact and truth,'' etc.  The ''com-
plaint on rejected claim for cancellation, rescission and dam-
ages'' was filed March 17, 1941.  It appears that approxi-

mately two years, two months and four days expired from the date of the execution of the deed to the date of service of written notice of rescission, and that over seven months passed between the alleged ascertainment of the "truth" and the service of the notice of rescission.

■ The complaint does not allege that a claim for damages was filed with the city within six months after the occurrence from which the alleged damages arose, or within a similar time after the claim accrued. (Los Angeles Charter, § 376.) Such a claim is a condition precedent to suit. The claim filed was in the form of a notice of rescission directed to the city of Los Angeles and the Department of Water and Power of the city of Los Angeles. The only claim filed, assuming that it could be construed as a claim for damages, was not within the six months' period after accrual. It is unnecessary therefore to discuss the form, etc., of the claim as the remedy of damages is barred by failure to file the claim contemplated by the provisions of the charter. The filing of a claim with a department not authorized to order its payment, or a claim that does not set forth a demand for compensation, is futile. (*Continental Ins. Co.* v. *Los Angeles,* 92 Cal. App. 585 [268 Pac. 920] ; *Haigh* v. *City of Los Angeles,* 139 Cal. App. 595 [34 P. (2d) 779] ; *Los Angeles Athletic Club* v. *Long Beach, supra; Chapman* v. *City of Fullerton,* 90 Cal. App. 463 [265 Pac. 1035] ; *Crescent Wharf etc. Co.* v. *Los Angeles,* 207 Cal. 430 [278 Pac. 1028] ; *Bancroft* v. *City of San Diego,* 120 Cal. 432 [52 Pac. 712] ; *Chesney* v. *Byram,* 15 Cal. (2d) 460 [101 P. (2d) 1106] ; *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 P. (2d) 353] ; *Skinner* v. *City of Los Angeles,* 5 Cal. (2d) 317 [54 P. (2d) 446] ; *Wilkes* v. *City etc. of San Francisco,* 44 Cal. App. (2d) 393 [112 P. (2d) 759].)

For the reasons stated, it is not necessary to consider the other grounds of demurrer.

In view of the fact that the complaint can not be amended to state a cause of action, the judgment should be and it is hereby affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 15, 1942.