[Civ. No. 15592.   Second Dist., Div. One.   Oct. 23, 1947.]

NEDRA C. THOMPSON et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Bernard Brennan for Appellants.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, Joseph F. Bosio, Rex B. Goodcell, Jr., and George K. Whitworth, Deputy City Attorneys, for Respondents.

46

WHITE, J. — Plaintiffs instituted this action to permanently enjoin defendants from constructing a section of overhead steel tower electric transmission line on and along a strip of land 30 feet wide and approximately 2.5 miles long, lying between the north and south roadways of 98th Street from Avalon Boulevard westerly to Western Avenue (the westerly terminus of 98th Street), and beyond approximately one-fourth mile to a point between Western and Van Ness Avenues, where the route of the line turns north. Said strip lies in the city of Los Angeles except for 0.6 mile between Vermont and Halldale Avenues, which is in unincorporated territory of the county of Los Angeles. Plaintiffs are residents and owners of property in the immediate vicinity of the section of the line involved in this litigation, which section is approximately 2.75 miles long and is part of the city's high tension line which directly interconnects certain receiving stations on the city's electric system. The line is to consist of steel towers with three 25-foot steel crossarms on each tower. The towers are quadruped steel structures 135 feet high and 20 feet square at the base, supported by large concrete foundations. These towers are spaced about 600 feet apart.

The cause proceeded to trial on plaintiffs' third amended complaint. When plaintiffs' first witness was called and sworn, defendants objected to the introduction of any evidence by plaintiffs on the ground that said third amended complaint did not state facts sufficient to constitute a cause of action. This objection was sustained except as to the single issue of whether certain areas referred to as "islands" lying between the north-south roadways of 98th Street in the city of Los Angeles were zoned for residential purposes. Upon that single issue evidence was received and the court found that said "islands" were not so zoned, and in fact were unzoned. Judgment was entered in favor of defendants and plaintiffs appeal.

Appellants do not challenge the correctness of the finding that the "islands" within the city were unzoned, and the primary and single question presented by this appeal is: Does the plaintiffs' third amended complaint for injunction state a cause of action for injunctive relief?

One of the asserted grounds for injunctive relief is that appellants will suffer irreparable damage, because, as it is alleged, the construction and operation of the overhead line as proposed will violate city and county zoning restrictions. However, during the pendency of this appeal, the city's zoning

laws were amended to expressly exempt electric power transmission lines from all zoning restrictions, and a like exemption was granted by the Board of Supervisors of Los Angeles County to respondent city and respondent department under the procedure provided by the county zoning ordinance, expressly permitting the construction of the line here in controversy on and along that portion of the right of way situated within county territory. These matters were duly brought to the attention of this court by means of respondents' "Application to take additional evidence," which application was unopposed and was granted by us because of the rule that whatever may be the law applicable to appeals generally, the rule is well settled that on appeals involving injunction decrees, the law in effect when the appellate court renders its opinion must be applied (*Dr. Miles C. Co.* v. *Sontag C. Stores Co.*, 8 Cal.2d 178, 179 [64 P.2d 726] ; *American Fruit Growers* v. *Parker*, 22 Cal.2d 513, 515 [140 P.2d 23] ; *Diederichsen* v. *Sutch*, 47 Cal.App.2d 646, 650 [118 P.2d 863] ; *Bernard* v. *Weaber*, 23 Cal.App. 532 [138 P. 941] ; *Tulare Irr. Dist.* v. *Lindsay-Strathmore Irr. Dist.*, 3 Cal.2d 489, 527, 528 [45 P.2d 972, 1014] ).

Respondent Department of Water and Power is a department of the city government of the city of Los Angeles, created by section 70 of the charter of said city, the provisions of which this court takes judicial notice (*Tilden* v. *Blood*, 14 Cal.App.2d 407, 413 [58 P.2d 381] ). By the terms of the city charter respondent board is given the power and is charged with the duty "to construct, operate, maintain, extend, manage and control works and property for the purpose of supplying the City and its inhabitants with . . . electric energy . . . and to acquire . . . and to hold in the name of the City, any and all property . . . that may be necessary and convenient for such purpose" (§ 220 (1)). Respondent Board of Water and Power Commissioners is the board having the control and management of said department (§ 71) and respondent General Manager and Chief Engineer is the chief administrative officer of said department (§ 80).

In further pursuance of the foregoing unopposed "Application to take additional evidence" there was brought to this court the affidavit of William S. Peterson, Assistant Chief Electrical Engineer of respondent Department of Water and Power of the city of Los Angeles, from which it appears without contradiction, that following the granting of the fore-

going zoning exemptions by the city and county of Los Angeles, the line here in controversy was constructed and completed, as proposed, and is now and for some time has been energized and in continuous use and operation.

Appellants concede that the line is completed, recognize its public importance, and that it is a part of the city's "loop line" which "delivers electric energy to receiving stations which are located throughout the area of the City of Los Angeles," through which electricity is supplied to consumers; that the purpose of the "loop line" is "to more efficiently distribute electrical energy to the City of Los Angeles and its environs"; and that the completion of said "loop line" will "increase the stability and the efficiency of the distribution of electricity to the subscribers of the department's service."

■ In view of the foregoing provisions of section 220 of the city charter, it must be conceded that there was no absence of authority for the construction, operation or maintenance of the line, and in view of the above-noted exceptions granted under both the city and county zoning ordinances, the argument that the line was unlawfully constructed or is being unlawfully operated or maintained must fail.

■ There is a further situation prevailing in this proceeding to which we should advert before applying a principle of law which we believe to be determinative of the question raised on this appeal. The judgment rendered herein contained a conditional restraining order, the provisions of which provided that the temporary restraining order whereby respondents were restrained and enjoined, until the entry of judgment herein, from constructing or erecting the overhead steel towers or foundations therefor, or constructing wires or cables or apparatus for transmitting electric energy, "is hereby continued in full force and effect pending the plaintiffs' appeal from the foregoing judgment and until the remittitur thereon shall have been issued," provided that within a specified time appellants herein post a bond. Appellants, however, waived their right and opportunity in that regard by failing to post the bond required as a condition to the continuance of the aforesaid restraining order, with the result that the line was constructed and public use attached.

■ Resting upon the consideration of public policy, in conformity with which the rights of the citizen are sometimes abridged in the interests of the public welfare, the rule of law stated in *County of Los Angeles* v. *Rindge Co.*, 69 Cal.

App. 72, 81 [230 P. 468], becomes applicable. The rule in question, as applied to the case now under consideration, being that where the power line has been constructed and has passed into public use, an injunction will not be granted to interfere with the enjoyment of that use when the rights of appellants may be protected fully by an action for damages (*Los Angeles Athletic Club* v. *City of Long Beach*, 128 Cal.App. 427, 432, 433 [17 P.2d 1061] ; *Chilberg* v. *City of Los Angeles*, 54 Cal. App.2d 99, 102, 103 [128 P.2d 693] ).

Therefore, regardless of whether the third amended complaint states a cause of action, under the facts here present a prohibitory injunction should not issue and appellants must be relegated to an action for damages.

For the foregoing reasons, the judgment is affirmed.

Doran, Acting P. J., concurred.

York, P. J., deeming himself disqualified, did not participate in the hearing or decision of this cause.