[Civ. No. 19863.   First Dist., Div. Three.   Feb. 27, 1962.]

THE HOUSE OF SEAGRAM, INC., Plaintiff and Appellant, v. M.C.F., INC., Defendant and Respondent.

Pillsbury, Madison & Sutro, John A. Sutro, Noble K. Gregory, Allan N. Littman and James F. Kirkham for Plaintiff and Appellant.

Dolwig, Berlin & O'Grady and Sidney L. Berlin for Defendant and Respondent.

SALSMAN, J.—The plaintiff appeals from a judgment of dismissal after the trial court sustained a demurrer to plaintiff's complaint without leave to amend. The trial court also denied plaintiff's application for a preliminary injunction.

The plaintiff brought this action to enjoin the defendant from wilfully and knowingly selling Seagram's brands of distilled spirits at below the fair trade prices set by Seagram for its products. The plaintiff's fair trade prices were established pursuant to these provisions of the Business and Professions Code:

"§ 24750. [Fair trade contracts; authority; stipulations.] No contract relating to the sale or resale of any alcoholic beverage which bears, or the label or container of which bears, the trade-mark, brand, or name of the producer or owner of the alcoholic beverage and which is in fair and open competition with alcoholic beverages of the same general class produced by others violates any law of this State by reason of either of the following provisions which may be contained in such contract:

"(a) That the buyer will not resell the alcoholic beverage except at the price stipulated by the vendor.

"(b) That the producer or vendee of the alcoholic beverage require, upon the sale of the alcoholic beverage to another, that the purchaser agree that he will not, in turn, resell except at the price stipulated by the producer or vendee."

"§ 24752. [Fair trade contracts; price cutting; unfair competition; right of action.] Wilfully and knowingly advertising, offering for sale, or selling any alcoholic beverage at less than the price stipulated in any contract entered into pursuant to this chapter, whether the person so advertising, offering for sale, or selling is or is not a party to the contract, is unfair competition and is actionable at the suit of any person damaged thereby."

"§ 24755. [Beverages subject to contract; wine; contractual violations.] All distilled spirits sold at retail shall be, and any other alcoholic beverage may be, sold pursuant to a contract executed pursuant to this chapter, except that Chapter 11 shall govern the sale of wine in all cases in which that chapter is applicable. No licensee shall violate any of the provisions of any such contract."

The trial court sustained the defendant's demurrer without leave to amend on the stated ground that "the complaint states a purported cause of action which is unconstitutional under the Constitution of the State of California and under the Constitution of the United States of America."

We have examined the complaint as set out in the clerk's transcript. It clearly states a cause of action. We deem it unnecessary to extend this opinion by a recital of each and

every allegation of the complaint, since it is apparent that the trial court based its ruling primarily on its view of the constitutionality of the statutes here involved.

The California Supreme Court has upheld fair trading since the question was first presented to it in *Max Factor & Co.* v. *Kunsman* (1936) 5 Cal.2d 446 [55 P.2d 177]. Later cases also upheld the validity of the California fair trade laws. (See *Dr. Miles Calif. Co.* v. *Sontag Chain Stores Co.* (1937) 8 Cal.2d 178 [64 P.2d 726] ; *Cal-Dak Co.* v. *Sav-On Drugs, Inc.* (1953) 40 Cal.2d 492 [254 P.2d 497] ; *General Elec. Co.* v. *Federal Employees' etc. Co.* (1955) 45 Cal.2d 891 [291 P.2d 942].) In *Scovill Mfg.* v. *Skaggs etc. Drug Stores* (1955) 45 Cal.2d 881, 885 [291 P.2d 936], the court refused to overrule its prior decision when it rejected the argument that ''changing economic conditions'' warranted a change in the law. In *Allied Properties* v. *Department of Alcoholic Beverage Control* (1959) 53 Cal.2d 141 [346 P.2d 737] the Supreme Court upheld the validity of the 1947 amendments to the fair trade provisions of the Alcoholic Beverage Control Act (now Bus. & Prof. Code, §§ 24755-24757) which added the requirement that distilled spirits *must* be fair-traded. (Emphasis ours.) The decision in *Allied Properties, supra,* and the other decisions above referred to effectively preclude any further contention that the statutes here involved are unconstitutional.

Although there seems little room for the exercise of discretion by the trial court, we are reluctant to direct issuance of the preliminary injunction. It is clear that the trial court's erroneous view of the constitutional issue foreclosed its consideration of the merits of the application for an injunction (see *Cal-Dak Co.* v. *Sav-On Drugs, Inc.,* 40 Cal.2d 492 [254 P.2d 497]).

Judgment reversed. Order denying preliminary injunction reversed and cause remanded for such further proceedings as may be proper in light of the constitutionality of statute.

Draper, P. J., and Devine, J., concurred.