[No. 11204.    In Bank. — November 2, 1888.]

GEORGE PARDY, APPELLANT, *v.* CHARLES MONTGOMERY ET AL., RESPONDENTS.

PRACTICE — APPEAL — AFFIDAVITS USED ON HEARING MUST BE IDENTIFIED — WANT OF PROSECUTION. — Affidavits embodied in the transcript which are in no way identified as having been used on the hearing of an application for the dismissal of an action for want of prosecution cannot be considered on an appeal from the judgment of dismissal.

ID. — SUPERIOR COURT MAY DISMISS FOR WANT OF PROSECUTION — PRESUMPTION. — The superior court has power, under section 581 of the Code of Civil Procedure, to dismiss an action for want of prosecution; and in the absence of a showing to the contrary, a dismissal on such ground will be presumed to have been proper.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought on the twenty-third day of June, 1880, to recover damages for breach of a contract. On the 31st of July, 1885, judgment was rendered in favor of the defendants, dismissing the action for want of prosecution. From this judgment the plaintiff appeals. The transcript contained a notice of motion for the dismissal of the action for want of prosecution, and certain affidavits purporting to show the circumstances under which

the dismissal was had. These affidavits were not embodied in a bill of exceptions or statement, nor were they otherwise identified as having been used on the hearing of the motion.

*W. T. Baggett*, and *Samuel T. Birdsall*, for Appellant.

*W. S. Goodfellow*, for Respondents.

THORNTON, J.— We cannot take notice of the affidavits in the transcript, showing, as claimed by the appellant, the circumstances under which this action was dismissed by the court below, for the reason that it is not shown in any mode that such affidavits were used on the hearing of the application in that court.

The court below had power to dismiss the action for want of prosecution (see Code Civ. Proc., sec. 581), and there being no showing to the contrary, we must presume that the court below exercised its power properly and within the rules prescribed by law.

Judgment affirmed.

SEARLS, C. J., WORKS, J., PATERSON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.