[No. 19086.   Department Two. — October 6, 1893.]

YDA ADDIS STORKE, RESPONDENT, v. C. A. STORKE, APPELLANT.

ALIMONY PENDING SUIT — ISSUE OF INSANITY NOT DETERMINED. — The purpose of alimony allowed in an action by a wife for maintenance or divorce, is to give the wife support and to enable her to conduct her side of the litigation pending the trial of the issues made by the pleadings, and the court cannot be compelled to try and determine an issue of insanity raised by the answer of the husband before it can allow alimony.

ID. — ORDER FOR ATTORNEYS' FEES — MODIFICATION UPON APPEAL. — Where a notice to a defendant in an action for permanent support and maintenance to show cause why an order should not be made for the payment of alimony, recited that it was "to pay the said clerk a certain sum of money to be applied by plaintiff as counsel fees in prosecuting the action," but the order directs the defendant to pay a sum of money "to the attorney for plaintiff," the order, although irregular, will not be reversed upon appeal, but will be modified so as to require the money to be paid to the plaintiff.

ID. — MODIFICATION OF ORDER BY COURT BELOW — PENDENCY OF APPEAL. — An order allowing counsel fees as alimony pending an appeal from a previous order, "in lieu" of the alimony appealed from, which is modified before an appeal is taken therefrom, by striking out the "lieu" clause and leaving it as a new order for further counsel fees, will be affirmed upon appeal.

APPEAL from an order of the Superior Court of Santa Barbara County, awarding alimony and counsel fees, and from an order directing the payment of a sum of money to enable the plaintiff to prosecute the action.

The facts are stated in the opinion of the court.

*C. A. Storke,* for Appellant.

*Wright & Day,* for Respondent.

McFARLAND, J. — The plaintiff brought this action against her husband, the defendant, for permanent support and maintenance under section 137 of the Civil Code; and on August 12, 1891, the trial court made an order that during the pendency of the action defendant pay plaintiff fifty dollars per month alimony, and fifty dollars to her attorney. From this order, on the day on which it was made, defendant appealed. Appellant had filed an answer averring the insanity of plaintiff and praying for the appointment of a guardian *ad litem* for her; and the point made by appellant is that the court had no right to allow alimony until it had heard and determined the issue of insanity. But with respect to the allowance of alimony, the averment of

insanity was not different from any other averment which if proven at the trial would have defeated respondent's action; and the very purpose of alimony in such a case is to give support to the wife and enable her to conduct her side of the litigation pending the trial of the issues made by the pleadings. If the court were compelled to try and determine the issues in the case before it could allow alimony, the entire purpose of allowing alimony "during the pendency of such action" would be defeated. That part of the order which directs appellant to pay fifty dollars "to the attorney for plaintiff" is irregular; but as the notice to appellant to show cause why the order should not be made was "to pay the said clerk a certain sum of money to be applied by plaintiff as counsel fees in prosecuting the action," it is probable that the direction to pay the money to the attorney was a mere clerical mistake, and we think it a proper case for a modification of that part of the order rather than a reversal.

There is in the printed record what purports to be another appeal by appellant from another order of the court made August 14, 1891. On that day the court made an order reciting the fact that defendant had appealed from the order of August 12th, and directing that appellant pay respondent three hundred and fifty dollars "to enable her to prosecute said action." This order, as first entered, declared that the three hundred and fifty dollars was "in lieu" of the fifty dollars attorney's fee given by the order of August 12th; but four days afterwards the court modified the said order of August 14th by striking out the provision that the three hundred and fifty dollars was in lieu of the fifty dollars. Nearly two months afterwards — on October 12, 1891 — the defendant gave notice of appeal from the order of August 14th, and the point made on this appeal is, that the court had no jurisdiction to change the order of August 12th, after an appeal had been taken therefrom, by substituting three hundred and fifty dollars for fifty dollars. But we see nothing in the point because, before the notice of appeal, the "lieu" clause had been stricken out of the order, and it stood as a new order for further counsel fees. We have noticed this point on its merits, but it is doubtful if there is any record here which presents it.

The court below is directed to modify the order of August 12, 1891, by requiring the fifty dollars attorney's fee to be paid to plaintiff; and, as thus modified, the order is affirmed with costs of appeal to respondent. The order of August 14th is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.