[S. F. No. 3884.     Department One.—November 16, 1904.]

## ETTIE KOWALSKY, Respondent, v. JOSEPH N. KOWALSKY, Appellant.

ACTION FOR DIVORCE—TEMPORARY ALIMONY—MERITS OF CASE—GOOD FAITH.—In an action for a divorce, where the complaint states a *prima facie* case, and there is no issue as to the marriage, the merits of the case are not to be considered in the allowance of alimony *pendente lite* further than is necessary to determine whether the wife is acting in good faith, and not for the mere purpose of obtaining money from the husband.

ID.—ALLOWANCE OF COUNSEL FEES—INACCURACY NOT PREJUDICIAL—AUTHORITY OF COUNSEL.—The direction of the court in the allowance of counsel fees, that they be paid to the plaintiff or her counsel, while inaccurate in expression, is not such an irregularity as to justify an interference therewith upon appeal. Counsel would have the authority to receive the money if the order was silent in reference to the matter.

ID.—PROPRIETY OF ALLOWANCE—COMPARATIVE OWNERSHIP OF PROPERTY—DISCRETION OF COURT.—Where it was alleged in plaintiff's affidavit, and substantially admitted in defendant's affidavit, that the defendant owned property worth about one hundred thousand dollars, and had an income of about six hundred and fifty dollars per month, and it appeared that the plaintiff owned corporation stocks of the value of about seven hundred dollars, it was within the discretion of the court to make an allowance to plaintiff of alimony *pendente lite* in the sum of one hundred dollars per month, and of counsel fees in the further sum of two hundred and fifty dollars.

ID. — HOME FOR PLAINTIFF — IMMATERIAL FACT — MERITS OF CASE — CRUELTY OF HUSBAND.—The fact that the defendant had a home in which he was willing that plaintiff should live during the pendency of the action is immaterial where it involved the merits of the case, the plaintiff having alleged that she was driven from the home by the cruelty of the husband.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing alimony and counsel fees pending an action for divorce. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. I. Kowalsky, and T. J. Crowley, for Appellant.

Campbell, Metson & Campbell, for Respondent.

SHAW, J.—In this action for divorce the defendant appeals from an order requiring him to pay to the plaintiff the sum of one hundred dollars a month for her support during the pendency of the action and the further sum of two hundred and fifty dollars for counsel fees.

If we were hearing an appeal on the merits we might be disposed to scan carefully the allegations of cruelty to determine whether a cause of action is well stated. But the marriage is admitted in the answer, and a cause of action for extreme cruelty is sufficiently stated to make out a *prima facie* case. The purpose of allowing alimony to the wife during the pendency of the action is to enable her to live in the mean time and to employ counsel who can properly present her case to the court, both in the pleadings and in the introduction of evidence. The merits of the case, where there is no issue as to the marriage, will not be considered on an application for such alimony further than is necessary to determine that the wife is proceeding in good faith and not for the mere purpose of obtaining money from the husband. (*Storke* v. *Storke,* 99 Cal. 622; *Langan* v. *Langan,* 91 Cal. 654; *Poole* v. *Wilbur,* 95 Cal. 339; *Hite* v. *Hite,* 124 Cal. 389.[1])

The direction that the counsel fees allowed be paid "to the plaintiff or to her counsel," while inaccurate in expression, is not a sufficient irregularity to justify the interference of this court. The addition of the words "or to her counsel" does not change the character of the order as an allowance to the plaintiff, and was probably intended only to indicate that her counsel should have authority to receive the money. Counsel would have the authority although the order was silent in regard to the matter, and hence the addition was

[1] 71 Am. St. Rep. 82.

unnecessary, but we cannot see how its insertion could in the least injure the appellant.

It was within the discretion of the court to award the plaintiff temporary alimony and counsel fees, notwithstanding the fact that it appeared that the wife was the owner of some corporation stocks of the value of seven hundred dollars or thereabout. The plaintiff alleged in her affidavit that the defendant owned property worth one hundred thousand dollars and was in the receipt of an income of six hundred and fifty dollars per month. The defendant made no denial of this allegation further than to say that his property was not worth one hundred thousand dollars, and that his monthly income was not six hundred dollars. This was equivalent to an admission that the value of his property and the amount of his income, respectively, were one dollar less than these sums. The court might well conclude that, with such abilities on the part of the husband, it would not be fair to the wife to compel her to sell all that she had in order to raise money wherewith to live and prosecute her action.

The fact that the defendant had a home in which he was willing that the plaintiff should live during the pendency of the action was not material. It involved the merits of the action. The plaintiff alleged that she had been driven from that home by the cruelty of the husband. It would be deciding the case in advance of the trial to allow evidence to show that she was not justified in living apart from him.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.