[Civ. No. 2962. Second Appellate District, Division Two.—July 2, 1919.]

## ALICE J. BARROW, Appellant, v. JAMES T. BARROW, Respondent.

[1] DIVORCE — DENIAL OF — EXCLUSION OF WIFE FROM DWELLING OF HUSBAND—LOSS OF JURISDICTION.—Where a divorce is denied, the parties are left in the same condition as when the action was commenced, and the court loses its jurisdiction to thereafter make an order excluding the wife from the dwelling-house of the husband, which the court found was his separate property, but on which she had theretofore filed a declaration of homestead.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. Lewis for Appellant.

Thomas K. Kase for Respondent.

THOMAS, J.—This is an appeal from an order made by the lower court after a judgment, made and entered herein April 1, 1916, had been so made and entered, excluding the wife—appellant here—against whom the court entered such judgment, from the dwelling-house of the husband, respondent here, which was decreed by the court in that action to be the separate property of this respondent.

The order appealed from is as follows:

"Whereas, on the 1st day of April, 1916, the above-entitled court made and filed its findings of fact and conclusions of law herein and gave and caused to be entered its judgment in the above-entitled action in favor of the defendant above named; and

"Whereas, said court then found, determined and decreed to be the sole and separate property of James T. Barrow, the real property hereinafter described; now therefore, motion having been duly made this day, after notice thereof was given as required by law; and

"Good cause appearing therefor, it is ordered that Alice J. Barrow, plaintiff above named, forthwith vacate and

abandon her occupation, use and possession of the real property hereinafter described, and that she forthwith deliver the possession thereof to said defendant; and the said plaintiff, Alice J. Barrow, her attorneys, agents, representatives and all others acting in aid or assistance of her are hereby enjoined, restrained and prohibited from further occupation, use or possession of said real property and the improvements thereon, and all or any part thereof.

"The real property hereinbefore referred to consists of lots 278 & 279 of the Central Avenue Home Tract #2, in the city of Los Angeles, state of California, as per map recorded in Book 4, page 75, of maps in the office of the county recorder of the county of Los Angeles, and the improvements thereon are known and numbered 1230 E. 57th St. and 1234–1236 E. 57th St., in said city of Los Angeles, state aforesaid.

"Further ordered that said plaintiff leave all furniture, bedding and personal property of defendant in said house, and refrain from injuring or destroying any part thereof.

"Dated this 15th day of May, 1916.

"FRED H. TAFT,<br>"Judge."

From the said judgment so entered an appeal was taken, which appeal has this day been decided contrary to the contentions of appellant there, who is likewise appellant here. (See *Barrow* v. *Barrow, post,* p. 50, 183 Pac. 364.) The decision in that case, we think, disposes of the present appeal.

The plaintiff, appellant here, contends that the lower court erred in making the order appealed from, and for reversal thereof urges: (1) "That the lower court, by its final judgment and decree denying a divorce and the entry thereof, lost jurisdiction of the action and had no authority to make the order from which this appeal is taken." (2) "That the order in question was made by the lower court without authority to make the same, by reason of the express prohibition of the statute providing that neither husband nor the wife can be excluded from the dwelling of the other." (3) "That the premises in question having been selected by the wife as a homestead, in the absence of a decree of divorce the lower court had no authority in a divorce action to interfere with the homestead or the possession thereof." We think there is merit in these contentions.

[1] The judgment to enforce which it is claimed by respondent that this order was issued was a final judgment, which left the parties, so far as the court was concerned, in the same condition as when the action was commenced, namely, husband and wife. The marriage was not dissolved. True, the court found that the property described by plaintiff in her complaint was the separate property of the defendant. In such a case, however, the rights of the parties continue undisturbed. One of these rights is the right to file a declaration of homestead (Civ. Code, sec. 1262 et seq.); and the homestead may be so selected from the separate property of the husband (Civ. Code, sec. 1238). It follows, we think, that plaintiff having exercised her homestead right in the property involved, and the court having by said final judgment denied the divorce, the making of the order here in question was error, the court having lost its jurisdiction to make the same.

The issue presented by the pleadings in the divorce action on which the court found that the property involved was defendant's separate property was not essential or necessary therein; but the finding, under the circumstances, was a proper one. This fact, however, in connection with an action for divorce, gave the court no more authority to issue the said order than it would have had were the judgment entered in an independent action between husband and wife to quiet title.

The order appealed from is reversed.

Finlayson, P. J., and Sloane, J., concurred.