[L. A. No. 10244. In Bank.—March 20, 1931.]

LILIAN SANFORD McCLURG, Appellant, v. KENNETH GULICK McCLURG, Respondent.

Eastham & Smith, Clyde W. Smith and Wolfson & Swarthe for Appellant.

E. H. Woodard and S. C. Schaeffer for Respondent.

THE COURT.—This appeal is from an order made by the trial court in an action for divorce, directing the plaintiff to pay to the defendant $100 as attorney's fees, and $75 costs, in order to enable the defendant to prosecute an appeal which he had taken from a prior order of the trial court denying his application for $500 a month alimony and $5,000 attorney's fees and costs, which the defendant had theretofore applied for and asserted to be necessary for his support and for the proper defense of this action for divorce.

The case presents the unusual feature of a husband defendant, in an action brought against him by his wife for a divorce, applying for alimony, counsel fees and costs, appealing from an order of the trial court denying said application, and thereupon again applying for counsel fees and costs to enable him to prosecute his said appeal; and

the trial court having granted said latter motion it is the defendant's wife who now appeals from the order which the trial court made in this latter behalf. The respondent husband has presented and filed no brief upon this appeal and has made no response to the order to show cause issued herein.

The first contention of the appellant upon this appeal is that the order appealed from was and is void for excess of jurisdiction in the trial court to make the same. This contention is based upon the following facts: The action was commenced on April 4, 1927. Thereafter the defendant applied for an order requiring the plaintiff to pay him alimony, counsel fees and costs, which application was on September 14, 1927, denied. Upon the same date a demurrer presented by the defendant to the second amended complaint of the plaintiff was sustained. The minute order sustaining this demurrer was silent as to whether plaintiff was to have leave to further amend her complaint. The defendant having in the meanwhile taken an appeal from the former order denying him alimony, counsel fees and costs, he applied on September 23, 1927, for an order directing the plaintiff to pay him $100 attorney's fees and $75 costs on account of his said appeal, and the trial court on that date made such order, which is the order from which the present appeal is taken. The appellant contends that since the trial court had, in sustaining the defendant's demurrer to the plaintiff's second amended complaint inserted therein no order allowing the plaintiff to further amend her pleading, and the plaintiff having made no application or been given no order for the allowance of such amendment, the court had no jurisdiction in this interim to make the order appealed from herein. There is no merit in this contention. The cause was still pending in the trial court, with the full right in the plaintiff to apply for further leave to amend her pleading, and with full power in the court to allow such further amendment, and with full jurisdiction in the court to make whatever orders in the action it might deem proper. The order which the court did make, from which this appeal is taken, was made under the express provisions of section 137 of the Civil Code as amended in 1927, and by which amendment the terms of the original section were

broadened so as to permit a husband to apply for and receive alimony, counsel fees and costs in an action for divorce.

The appellant, however, further contends that since this action was commenced on April 4, 1927, and since section 137 of the Civil Code did not, as to said amendment thereof, become effective until August, 1927, the section as thus amended cannot be given retroactive effect so as to have application to an action commenced prior to the adoption and taking effect of the amendment; and that for this further reason the trial court had no jurisdiction to make the order appealed from herein. This contention is also without merit. The provision of the Civil Code embraced in section 3 thereof, providing that "no part of it is retroactive unless expressly so declared", has been held to have no application to purely procedural matters arising in the course of a litigation commenced before the passage or amendment of a law affecting the procedure in civil actions. (23 Cal. Jur. 632, sec. 28, and cases cited; Sutherland on Statutory Construction, 2d ed., sec. 674; *Rice* v. *Dunlap,* 205 Cal. 134, 137 [270 Pac. 196]; *McGuire* v. *Cunningham,* 64 Cal. App. 536 [222 Pac. 838].) Whether, however, the said order of the trial court directing the plaintiff to pay to the defendant counsel fees and costs in order to enable him to prosecute his former appeal was a procedural or a substantive order, it was an order made after the statute had become effective permitting the trial court to make such orders in actions pending for divorce, and was not therefore retroactive in character or effect, and was not, therefore, susceptible to the attack made upon it upon this appeal.

The order is affirmed.