BISHOP, J., Dissenting.
I dissent. The conclusion reached in the foregoing opinion is in accordance with that reached in a majority of our sister states. To me, however, it seems out of step with modern judicial thought, to be contrary to the dictates of justice, and to be, not only not required by the decisions of our own state, but out of harmony with their latest expressions. Because I am unable to give a rational answer to the query propounded in Larkin v. Saffarans (cited in the majority opinion), “Why shouldn’t the amendment give the court jurisdiction?” and because there is no authority in this state making necessary an irrational answer, I conclude that the amendment giving the municipal court jurisdiction of an action for $1100, gave it jurisdiction of this action for that amount.
If we take the viewpoint, once to be expected, that a case filed in a court without jurisdiction is a mere nothingness, *Supp 788 a void, then we will find it difficult to embrace the idea that there was anything pending that could be affected. But if we see in the filing of papers a means to an end, that end the presenting of a case to a court for an adjudication, then, I submit, it is hard to see any reason why the court may proceed to judge, if those papers were filed August 15, 1929, but may not if they were- filed August 13th. The test of legislative intent is a hopeless one, in my opinion, for we are faced, if not with an absence of intent, certainly without 'any expression of that intent. If we must apply this guide, let us say the legislature intended that to happen which would most further the administration of justice. Injustice would have resulted if the amended statutes were given effect in pending eases, in Harris v. Moore, (1929) 102 Cal. App. 413 [283 Pac. 76], Berg v. Traeger, (1930) 210 Cal. 323 [292 Pac. 495], Jones v. Summers, (1930) 105 Cal. App. 51 [286 Pac. 1093], Architectural Tile Co. v. Superior Court, (1930) 108 Cal. App. 369 [291 Pac. 586, 587], and Wheaton v. Superior Court, (1930) 108 Cal. App. 702 [292 Pac. 499]; for to do so would be to deny pending actions the advantages of the machinery of justice theretofore open to them. So we find in the Architectural Tile Co. case: “The fact that injustice may result in such cases is one of the reasons for that rule of statutory construction to the effect that in the absence of a clearly expressed intention to the contrary, every statute will be held to operate prospectively, rather than retrospectively.” But ours is a converse situation from that presented by these cases. Here an amendment opens a court theretofore closed; and it seems to me to be in furtherance of the administration of justice, which should not require futile acts, that the court should be open not only to new suits filed therein but to those which had been filed, in error it is true, but which nevertheless were pending in it, and now fall within its jurisdiction. To this line of reasoning the majority opinion observes: “The defendant may have believed that plaintiff had abandoned his action by reason of the lack of jurisdiction and may have so conducted himself in reliance upon that belief as to prejudice him if it proves false.” Such a suggestion rests upon the unwarranted assumption that a defendant has a right to believe that filing an action in the wrong court is an abandonment of it, a judicial interment, *Supp 789 as it were. Moreover, the filing of an action in á court without jurisdiction tolls the statute of limitations. (Sec. 355, Code Civ. Proc.; Atlanta etc. Co. v. Wilson, (1904) 119 Ga. 781 [47 S. E. 366]; Gaines v. City of New York, (1915) 215 N. Y. 533 [Ann. Cas. 1916A, 259, L. R. A. 1917C, 203, 109 N. E. 594]; Burns v. People's Tel. & Tel. Co., (1930) 161 Tenn. 382 [33 S. W. (2d) 76]; Stevens v. Dill, (1930) 142 Okl. 138 [285 Pac. 845] ; Rifner v. Lindholm, (1930) 132 Kan. 434 [295 Pac. 670].) If, then, plaintiff . is not barred from pressing his cause of action, in a new 'if not the errant suit, how can the defendant be prejudiced by the assumption, if he makes it, that the action has been abandoned. He cannot prevent plaintiff from refiling the complaint, and if that action were taken he would find himself in the same position as with the papers remaining on file, so far as defending against it is concerned. Should he be threatened with prejudice, furthermore, he can easily protect himself by making a motion to dismiss; a remedy so readily available that he should be required to pursue it rather than be allowed to sit by and make his sitting an excuse for denying plaintiff redress. The question of jurisdiction, of course, is to be determined as an abstract matter; the fact, very apparent,- that in the instant case the defendant never suspected that the court was without jurisdiction and therefore suffered no prejudice relying upon that fact, is given no consideration.
There appear many expressions in the opinions of the courts of this state, as elsewhere, which, taken at their face value, would require the conclusion reached in the majority opinion. They are repetitions, in one form or another, of the rule appearing above in the quotation from Architectural Tile Co. v. Superior Court; some are seen in the quotations found in the majority opinion. As thus expressed the rule is absolute: “There is no retroactive effect, (i. e., effect on pending cases,) unless such intent is expressly intended.” But when dealing with amendments to procedural statutes the opinions do not follow the rule thus unequivocally expressed, but give amendments effect over pending cases in the absence of an expressed intention that such effect should be given. (Bensley v. Ellis, (1870) 39 Cal. 309; Rice v. Dunlap, (1928) 205 Cal. 133, 137 [270 Pac. 196]; McClurg v. McClurg, (1931) 212 Cal. 15 [297 Pac. 27, 28]; *Supp 790 Maguire v. Cunningham, (1923) 64 Cal. App. 536, 551 et seq; Edmunds v. Hysong, (1931) 110 Cal. App. 746, 748 [294 Pac. 1078]; Pacific Gas & Elec. Co. v. State, (1931) 214 Cal. 369 [6 Pac. (2d) 78].) In view of these exceptions to the rule, one relies upon it as baldly stated, with peril. When the subject matter affected is remedial or procedural, pending cases are subject to new law. In treating of the analogous question of ex post facto laws, the court of last resort of New York would seem to classify statutes conferring jurisdiction as procedural, and, therefore, not objectionable as ex post facto enactments. (People v. Green, (1911) 201 N. Y. 172, Ann. Cas. 1912A, 885, and note, 94 N. E. 658; Jacobus v. Colgate, (1916) 217 N. Y. 235, Ann. Cas. 1917E, 369, 111 N. E. 837. Moreover, the cases of Maguire v. Cunningham and Pacific Gas & Elec. Co. v. State, while not to be cited as authorities on our question, for several reasons, discuss the problems they consider as though they were questions of jurisdiction, affected by amendatory statutes and conclude that the jurisdiction conferred by the changed law applies to pending litigation. McClurg v. McClurg, supra, contains this suggestion: “It was an order made after the statute had become effective permitting the trial court to make such orders . . . and was not therefore retroactive in character or effect.” In the ease at bar, there is no attempt to interpret the amended statute as validating actions taken in excess of jurisdiction before the statute became law, but only to find in it the conferring of jurisdiction in the future in an- action pending when the statute took effect. So construed, it is not retroactive, within the thought of McClurg v. McClurg, supra. In any event, I am of the opinion that to recognize the amendment as conferring jurisdiction upon the municipal court to carry on cases pending before it, is not to violate any principle imbedded in the law of this state, but is to further the administration of justice.
I would therefore modify the judgment by striking therefrom the provision for a reformation of the guarantee agreement, a provision plainly beyond the court’s jurisdiction, but severable from the balance of the judgment, and would affirm the judgment as modified.
Rehearing denied May 12, 1932.