[Civ. No. 3054. Fourth Dist. Mar. 29, 1943.]

MARY RILCOFF, Appellant, v. NICOLAI N. RILCOFF, Respondent.

Barry Sullivan for Appellant.

Harvey, Johnston & Baker for Respondent.

BARNARD, P. J—The plaintiff filed this action for divorce in Los Angeles County. After an order to show cause and a hearing thereon the court, on September 19, 1941, entered an order requiring the defendant to pay to the plaintiff for her support $75 a month commencing September 20, 1941, and also $25 for costs and $250 for attorney's fees, payable forthwith.

On September 22, 1941, the defendant filed a demurrer to the complaint with notice of a motion for a change of venue to Kern County, being the county of his residence. This motion was heard and granted on September 29, 1941. The papers were filed in the Superior Court of Kern County on October 8, 1941. On October 14, 1941, the demurrer to the complaint was sustained with ten days allowed to the plaintiff in which to amend. Notice of this order was served on the plaintiff on October 21, 1941.

In the meantime, and on October 10, 1941, the defendant gave notice that he would move for an order modifying the order made on September 19, 1941. On October 14, 1941, the plaintiff filed notice of a motion for additional attorney's fees in resisting the defendant's motion for modification, and also filed notice of a motion for an order staying all further proceedings in the action until the defendant had fully complied with the prior order for suit money. On November 5, 1941, the court made an order granting the defendant's motion to modify the order of September 19, 1941, by striking therefrom the provision for the payment to the plaintiff of $75 per month for her support and maintenance. This order does not mention the two motions of which the plaintiff had given notice, and there is nothing in the record before us to indicate that any such motions were ever made or submitted.

The plaintiff failed to file an amended complaint within the time allowed and on November 14, 1941, the court dismissed the action on that ground, with a provision that all orders previously made therein "are hereby dismissed and discharged." The plaintiff has appealed from the judgment of dismissal and also from the order of November 5, 1941, modifying the previous order for support and maintenance during pendency of the action. The appeal is based upon a clerk's transcript and a printed bill of exceptions.

Neither in her statement of questions presented nor in her opening brief has the appellant contended that the demurrer to her complaint was improperly sustained, although this is incidentally suggested in her closing brief. The only points urged in connection with the appeal from the judgment of dismissal are that the court had no authority, in dismissing the action, to order the discharge of all orders theretofore made, and that the court erred in entering a judgment of dismissal without passing upon her motion for additional attorney's fees and her motion for an order staying the proceedings.

The order for suit money entered on September 19, 1941, was made pursuant to an order to show cause why money should not be furnished to the appellant to enable her to maintain the action and for her support during the pendency of the action. The entry of the judgment of dismissal brought to an end any possible need for such funds as of

the date of the entry of that order and judgment. The provision thereof which discharged all previous orders which had been made did not purport to be retroactive, was effective as of the date of that order and judgment, and it seems clear that the court had authority to enter the same. No attempt was made to discharge any obligations which had already accrued, and nothing is here presented which indicates any error in connection with this judgment of dismissal.

■ The contention that the court erred in entering the judgment of dismissal without passing upon two motions made by the appellant cannot be sustained. Not only is this point not included in either the exceptions or specifications of error set forth in the bill of exceptions, but the appellant has failed to present a record which discloses any such a situation. The bill of exceptions contains copies of notices of motions for additional attorney's fees and for an order staying the proceedings, but contains nothing to show that these motions were ever made or submitted and it is both stipulated and certified by the trial judge that the bill of exceptions correctly sets forth all of the proceedings which took place. In any event, the matter of additional attorney's fees was one within the discretion of the court ■ and a motion to stay the proceedings for the reason given, if one had been made, would have been peculiarly subject to the principles enunciated in the case of *MacDonald* v. *Superior Court*, 40 Cal.App.2d 517 [104 P.2d 1071], under the facts insofar as they are disclosed by the record before us. No good reason appears why the court should have kept the action alive after the appellant had, in effect, abandoned it.

■ With respect to the appeal from the order of November 5, 1941, it is argued that the evidence is insufficient to justify the modification of the order made on September 19, 1941, in that no change in the circumstances of the parties is shown to have taken place between those dates. This matter is of small importance since the action was dismissed nine days after the order of modification was made. However, it is set forth in an affidavit used at the hearing on September 19, 1941, that the appellant was not employed. In another affidavit used in connection with the application for a modification of the previous order it is set forth that the appellant was then employed. That fact might indicate a considerable change in circumstances and is sufficient,

insofar as here appears, to support the order made. No error is disclosed by the record before us.

The judgment and the order appealed from are both affirmed.

Marks, J., and Griffin, J., concurred.