[L. A. No. 17735.   In Bank.   July 14, 1943.]

AMERICAN FRUIT GROWERS, INC. (a Corporation) et al., Respondents, v. W. B. PARKER, as Director of Agriculture, etc., et al., Appellants.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, Walter L. Bowers, Deputy Attorney General, Ivan G. McDaniel and George C. Lyon for Appellants.

Tuttle & Tuttle, Edward E. Tuttle, Edward W. Tuttle, Fred B. Wood, Joseph W. Paulucci and Norman Meller as Amici Curiae on behalf of Appellants.

G. V. Weikert for Respondents.

EDMONDS, J.—A number of corporations and cooperative marketing associations engaged in growing oranges and marketing them in intrastate commerce joined American Fruit Growers, Inc. as plaintiffs in this proceeding, which challenges the validity of the license considered in *People* v. *Western Fruit Growers, Inc.* (*ante*, p. 494 [140 P.2d 13]). The Director of Agriculture and persons connected with him in administering the statutes construed in that case are the defendants. Upon a hearing, the superior court issued a preliminary injunction restraining the enforcement of the regulations established by the license. The appeal is from that order.

The decision in the companion case has disposed of all but one of the questions which are presented in this proceeding. ▮ Here the growers and distributors who are the respondents make the additional claim that the license was invalid from its inception because it covered the regulation of both oranges and grapefruit. The production and marketing of each of these products, they assert, is a separate and distinct agricultural industry.

This point was also urged in *Brock* v. *Superior Court*, 12 Cal.2d 605 [86 P.2d 805], which was a proceeding brought by the growers and handlers of desert grapefruit to enjoin the enforcement of the same license against them. The court then decided that the allegations of the complaint tendered an issue of fact as to whether the marketing of desert grapefruit is an agricultural trade or industry distinctly different from the distribution of other products, and,. also, whether the producers of grapefruit were being discriminated against to the profit and advantage of the orange growers. The plaintiffs, said the court, were entitled to findings upon those issues and it therefore denied the petition of the Director of Agriculture for a writ of prohibition compelling the respondent superior court to dissolve a temporary injunction which it had issued enjoining the enforcement of the provisions of License No. 2 as to grapefruit.

That injunction is still in effect. No prorate bases for shippers of grapefruit in intrastate commerce have been fixed by the Growers Advisory Committee, no limitations of total weekly shipments of grapefruit have been recommended by the Distribution Committee, and no weekly allotments for grapefruit have been made by the Director of Agriculture under License No. 2. Also since the date of the notice of

appeal in this proceeding, the Director of Agriculture, pursuant to the provisions of section 9 of the 1937 statute, issued an order terminating all of the provisions of License No. 2 concerning the regulation of grapefruit.

Not only has no determination yet been made that the inclusion of these two agricultural products under the same license is a regulation of separate industries, but it appears that, in fact, only oranges have been restricted and now can be regulated under the license. And as a court will not pass upon the validity of a statute or order upon the complaint of one who will not be injured by its operation (*Ashwander* v. *Tennessee V. A.*, 297 U.S. 288, 347, 348 [56 S.Ct. 466, 80 L.Ed. 688]; *United States* v. *Superior Court*, 19 Cal.2d 189, 197, 198 [120 P.2d 26]; *Estate of Childs*, 18 Cal.2d 237, 244 [115 P.2d 432, 136 A.L.R. 333]; *In re Willing*, 12 Cal.2d 591, 596 [86 P.2d 663]; *In re Weisberg*, 215 Cal. 624, 630 [12 P.2d 446]), the respondents cannot now challenge the enforcement of the license upon the ground that it restricts the marketing of more than one agricultural product. ■ Relief by injunction operates in futuro, and the right to it must be determined as of the date of decision by an appellate court. (*Tulare Irr. Dist.* v. *Lindsay-Strathmore Dist.*, 3 Cal.2d 489, 527, 528 [45 P.2d 972, 1014]; *Dr. Miles C. Co.* v. *Sontag C. Stores Co.*, 8 Cal.2d 178, 179 [64 P.2d 726]; *Diederichsen* v. *Sutch*, 47 Cal.App.2d 646, 650, 651 [118 P.2d 863].)

The order is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred. Schauer, J., did not participate herein.