[Civ. No. 16298. Second Dist., Div. Three. Nov. 17, 1948.]

IRENE HELLER, Respondent, v. ROBERT HELLER, Appellant.

Jacob Chaitkin for Appellant.

Bush & Hoffman for Respondent.

WOOD, J.—The complaint for divorce herein, alleging extreme cruelty in general terms, was filed on July 19, 1947. A demurrer which specified, among other things, that the complaint was uncertain was sustained on July 29, 1947, with leave to amend within 15 days. At the time the complaint was filed, an order was issued requiring the defendant to show cause on August 4th why he should not pay reasonable sums for attorney's fees, costs, and support of plaintiff and a child during the pendency of the action. When the order to show cause came on for hearing on August 4th, the time allowed for amending the complaint had not expired, and the complaint had not been amended. Upon said hearing, the court ordered, in part, that defendant pay $500 as attorney's fees, $25 as costs, and $60 per week for the support of plaintiff and the child. The defendant appeals from that order.

Appellant contends that the court erred in making said award for the reason that there was no prima facie showing of a cause of action, either by the pleadings or by the evidence. He argues that, since his demurrer had been sustained and the complaint had not been amended, there was no showing by the complaint that the plaintiff had a cause of action. Section 426b of the Code of Civil Procedure provides that:

"In an action for a divorce, it is not necessary, in the absence of a demurrer for uncertainty, to plead specific acts constituting cruelty in order to plead a cause of action." In *LaMar* v. *LaMar,* 30 Cal.2d 898, it is said at page 902 [186 P.2d 678]; "[I]n the absence of a demurrer for uncertainty a cause of action for extreme cruelty is properly stated by pleading cruelty in general terms." It appears therefore that if a complaint for divorce on the ground of extreme cruelty is stated in general terms, and if a demurrer for uncertainty is sustained, it is then necessary, in order to state a cause of action, to plead specific acts constituting cruelty. In other words, it appears that the sustaining of a demurrer for uncertainty, under such circumstances, is equivalent to sustaining a demurrer on the ground that no cause of action has been stated (with leave to amend). In view of the language of said section 426b, an unusual situation in pleading is presented here—that is, the complaint stated a cause of action when it was filed, but after the demurrer for uncertainty was sustained the complaint did not state a cause of action. In other words, the result is that the complaint does not state a cause of action because it is uncertain. ▬▬ It was not necessary, however, as a condition precedent to making such an award, that the complaint state a cause of action. When an action for divorce is pending the court may require the payment of alimony, attorney's fees, and costs. (Civ. Code, § 137.) "The fact that a demurrer has been sustained to a complaint does not render the action one no longer pending. Where upon such a ruling, leave is given to file an amended complaint within a designated time, and the time has not expired, the action is still pending in the court that sustained the demurrer, although no amended complaint has been filed." (*Ex parte Joutsen,* 154 Cal. 540, 543 [98 P. 391].) The action herein was pending when the order to show cause was heard, and the court had jurisdiction under said section 137 to make an award for attorney's fees, costs and support. The question here is whether the court erred in the exercise of such jurisdiction. Appellant argues that there was no prima facie showing of a cause of action by the evidence—that the evidence upon the hearing of the order to show cause was not sufficient to indicate that plaintiff could amend the complaint by alleging specific acts of extreme cruelty. ▬▬ A matter to be considered in determining whether the court erred in the exercise of such jurisdiction (where there was no issue as to the marriage) is whether there was a sufficient showing

that the plaintiff was proceeding in good faith in the pending action. "The purpose of allowing alimony to the wife during the pendency of the action is to enable her to live in the meantime and to employ counsel who can properly present her case to the court, both *in the pleadings* and in the introduction of evidence." (Italics added.) (*Bancroft* v. *Bancroft,* 9 Cal.App.2d 464, 471 [50 P.2d 465].) The matter of being provided with funds for attorney's fees, costs, and support during the time a complaint is being amended is as important and necessary, in many instances, as it is at any other stage of the proceedings. "The merits of the case, where there is no issue as to the marriage, will not be considered on an application for such alimony further than is necessary to determine that the wife is proceeding in good faith and not for the mere purpose of obtaining money from the husband." (*Bancroft* v. *Bancroft, supra,* p. 471.) ▉ The fact that the complaint did not specify acts constituting extreme cruelty was not an indication of lack of good faith on the part of plaintiff. As above stated, it was proper in the first instance to allege extreme cruelty in general terms. There was nothing to indicate that plaintiff did not intend to amend the complaint within the time allowed therefor. Some of the testimony given by plaintiff which indicates that she could allege specific acts of extreme cruelty is as follows: that defendant comes home under the influence of liquor; that one night "he was under the influence of liquor so strongly that he practically fell over his feet in the house"; that he "comes in two or three or six in the morning"; that on one occasion while he was holding the baby he (defendant) became angry and threw the baby bottle on the floor and "made a motion to strike" plaintiff but stopped before he slapped her, and then he telephoned to "his parents and said, 'I have to talk to somebody before I punch her in the nose' "; and that she was "frightened silly because he comes home under the influence of liquor" and she was "afraid he might carry out some of the things" he had told her he had dreamed,— that he had told her on one occasion that he dreamed that he put acid in her eyes because he wanted to blind her, and on another occasion he had told her that he dreamed that he had beaten her until she was a corpse. The evidence was sufficient to indicate that plaintiff was proceeding in good faith, and that she could allege a cause of action. Appellant does not contend that the amounts awarded were unreasonable. His monthly income was approximately $629.

Appellant contends further that the trial court, after hearing the testimony upon the order to show cause, had no jurisdiction other than to transfer the case to the children's court of conciliation. He bases this contention upon section 1771 of the Code of Civil Procedure which is in part as follows: "Whenever any action for divorce . . . is filed . . . and it appears to the court at any time during the pendency of the action that there is any minor child of the spouses . . . whose welfare may be affected by the dissolution . . . of the marriage . . . the case shall be transferred to the children's court of conciliation for proceedings for reconciliation of the spouses . . . in accordance with the provisions of this chapter." Neither the appellant, nor the respondent, requested the court to transfer the case to that department of the court which is usually referred to as the court of conciliation. The department of the superior court where the order to show cause herein was heard was a court of conciliation. Section 1741 of the Code of Civil Procedure provides that in counties having more than one judge of the superior court, the judges of such court shall annually, in the month of January, designate one or more of their number to hear all conciliation cases. ▆ This court takes judicial notice of the fact that, in January, 1947, the judges of the Superior Court in Los Angeles County designated all the judges of that court to hear conciliation cases. ▆ It therefore appears that the judge who made the order herein, from which this appeal is taken, was a judge of a court of conciliation, and he was not required to transfer the case to another department of the court which was also a court of conciliation. It is true that one department of said superior court is designated as a department wherein conciliation cases only are heard, and that that department is referred to as the children's court of conciliation. The cases, however, which are heard in that department are principally conciliation cases which arise on petition under section 1761 of the Code of Civil Procedure, prior to the filing of a divorce action. That section provides that: "Prior to the filing of any action for divorce . . . either spouse, or both spouses, may file in the conciliation court a petition invoking the jurisdiction of the court for the purpose of preserving the marriage by effecting a reconciliation. . . ." If such a petition is filed, neither spouse shall file an action for divorce during a period of 30 days after the filing of such petition. (Code Civ. Proc., § 1770.) Of course, in the present case, this matter regarding conciliation did not

arise prior to the filing of the divorce action, and it is not a conciliation matter that ordinarily would be heard in the department referred to as the children's court of conciliation. As above stated, the department of the trial court wherein the order to show cause was heard was a court of conciliation. No request was made that conciliation proceedings be had, and the trial judge apparently did not consider that any useful purpose would be served by conducting conciliation proceedings in his department or by transferring the case to any other department for such proceedings. Appellant's contention with respect to conciliation is entirely without merit.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.