[Civ. No. 13879.   First Dist., Div. One.   Apr. 7, 1949.]

ADRIENNE LUCILLE O'CONNOR, Appellant, v. GERALD JOSEPH O'CONNOR, Respondent.

148

P. H. McCarthy, F. Nason O'Hara and Herbert S. Johnson for Appellant.

Sullivan, Roche, Johnson & Farraher for Respondent.

BRAY, J.—Appeal by plaintiff on the judgment roll alone from a judgment denying a divorce with prejudice, awarding to plaintiff and defendant jointly the custody of their two minor children, and requiring defendant to pay plaintiff $75 per month for the support of said children.

It is somewhat difficult to understand plaintiff's position on this appeal. She does not contend that the evidence did not justify the court's refusal to grant her a divorce, or that the court abused its discretion in granting joint custody of the children, nor does she attack the amount awarded for support of the minors or the court's failure to grant support for herself. Her appeal seems to be based mainly upon the rather tenuous proposition that when the court denied her a divorce, the entire proceeding fell and the court had no power to deal with the children. Other minor questions are raised, which will be discussed later.

## Pleadings

Plaintiff complained for divorce on the ground of extreme cruelty, asked for custody of the two minor children, support for them and herself, and that "a distribution of the community property be made," its size or value being unknown to her. Defendant answered, denying the charges of cruelty and that he was not a fit and proper person to have custody of the children, setting forth the community property which was of little value, and all of which he alleged was in the possession of the plaintiff, and asked that a divorce be denied plaintiff and that the family remain together.

After a trial, the court found that defendant was not guilty of any cruelty towards plaintiff, but on the other hand, was "a kind and loving husband" and "affectionate father." It then entered the judgment above mentioned, making no disposition of community property.

## "LIMITED DIVORCE."

To support her contention that the court had no jurisdiction to deal with the children, plaintiff evolves a rather unique theory. It is, that in a divorce action, the court must do one of three things: (1) grant an absolute divorce; (2) grant a "limited" divorce (in both of these cases the court has full authority to deal with the children); or (3) deny a divorce (as here), but such denial constitutes a complete dismissal of the proceedings and the court loses all jurisdiction to deal with the children.

Plaintiff argues at great length that there is such a thing in California as a "limited divorce," that is, a judicial decree that one spouse, although still married, has the right to live away from the other spouse, regardless of the desire of the latter for reconciliation. Actually, this issue is not important to the case, as the plaintiff does not contend that the evidence required the court to grant such a divorce, but uses such a theory for the purpose of arguing that without granting such a divorce (or an absolute one) the court lost jurisdiction over the children. Plaintiff is wrong in both particulars. There is no "limited" divorce in this state, nor by a denial of a divorce does the court lose jurisdiction to deal with the custody and support of the children.

While there are some early California decisions which speak of "limited" divorces, generally they are referring to decrees of separate maintenance and do not use the term in the sense used by plaintiff. However, in *Grant* v. *Grant*, 68 Cal.App. 23 [228 P. 412], the court stated that section 137 of the Civil Code provided, in effect, for a limited divorce. That this is not the proper construction of the section is clearly decided in *Monroe* v. *Superior Court*, 28 Cal.2d 427 [170 P.2d 473], where the court said (p. 431): "A limited divorce places the relationship of the parties beyond the reach of either of them alone. They are still married in the sense that neither may remarry, but they are no longer married in the sense that either can give the other the choice of resuming the marital

relation or being guilty of desertion. As between themselves the parties are in the same position as they are after a decree of absolute divorce. The California law makes no provision for such limited divorces. It was expressly so held in *McMullin* v. *McMullin*, 123 Cal. 653 [56 P. 554], and although *Grant* v. *Grant*, 68 Cal.App. 23 [228 P. 412], contains a dictum to the contrary, the question was definitely settled in *Cardinale* v. *Cardinale*, 8 Cal.2d 762 [68 P.2d 351].'' (See, also, 35 Cal.L.Rev., 153.)

### Custody and Support

That the court, after denying a divorce, has the authority to deal with the children is well settled in this state. In *Morrow* v. *Morrow*, 60 Cal.App. 688 [214 P. 239], the wife sued for a divorce. The husband cross-complained, also asking for a divorce. The court denied either a divorce and awarded the custody of the three minor children to the husband. On appeal it was held: ''The court was authorized to make the order giving the custody of the children to the defendant (Civ. Code, secs. 138, 246; *Ex parte Gordan*, 95 Cal. 377 [30 P. 561]), notwithstanding that a divorce was denied to both parties.'' (P. 692.)

Section 138 of the Civil Code, referred to in the Morrow case, is quite comprehensive. It provides: ''In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter, during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper . . .''

The Morrow case, in applying section 138 in a case where divorce was denied, answers a further contention made by plaintiff that the court in our case could only act under section 136 of the Civil Code, which is a more limited section than 138. Section 136 provides: ''Though judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance by the husband, of the wife and children of the marriage, or any of them.'' (See, also, the quotation, *infra,* from *Jacobs* v. *Jacobs*, 68 Cal.App. 725 [230 P. 209].) Whether the court here acted under section 136 or section 138 is unimportant, as under either section it was empowered to provide for the care and custody of the children.

A case similar to the one at bar is *Jacobs* v. *Jacobs, supra,* 68 Cal.App. 725. There the wife sued for divorce on the

ground of cruelty. The husband cross-complained, alleging cruelty and desertion. The court denied a divorce to either party, granted the wife the custody of the minor child, and ordered the husband to pay $100 per month for the support of the wife and child. Exactly as in our case, the husband, on appeal, contended, as the wife does here, that by denying a divorce the court divested itself of jurisdiction to award support for the wife and custody of and support for the child. After first holding that the court did have the power to make such an award for the wife, the court then said that the jurisdiction of the court to award custody and support of the child "is expressly found in sections 136 and 138 of the Civil Code. The welfare of minor children being of paramount concern in cases of this kind, the court may, under the authority of section 136, as well as section 138, of the Civil Code, make such order for the custody, care, education, maintenance and support of the minor child as may seem necessary or proper. . . . There cannot, therefore, be any doubt as to the jurisdiction of the trial court to award the custody of the minor child to the wife and to compel the father to pay for its support." (P. 731.)

### FINDINGS AND JUDGMENT

Plaintiff contends that the court made no finding that the parties were separated at the time of judgment, and hence the court lacked power to make an order concerning the custody and support of the children. This latter conclusion is erroneous. No findings are required on a custody order. (*Booth* v. *Booth*, 69 Cal.App.2d 496 [159 P.2d 93].) Moreover, the complaint alleged and the answer admitted that the parties separated on a certain day. The court found that the allegations in the complaint "respecting the length of time elapsing between said marriage and the time of separation of the parties hereto are true" and that "the separation of plaintiff and defendant was in no way caused by any act or conduct of defendant." If findings on the subject were needed, these, in view of the court's award of custody and support, were sufficient to show that the parties were still separated.

The court found that there was community property in the hands of plaintiff. It made no award thereof. Plaintiff contends that this leaves her uncertain as to the present status of this property. The interesting part of this contention is that although plaintiff has contended strenuously that the

court did not, but should have, granted a limited divorce, she now states "if the trial court simply denied her prayer for a divorce without allowing her a limited divorce," the parties, under the authority of *Barrow* v. *Barrow*, 42 Cal.App. 48 [183 P. 365], would then be left where they were. The court did not grant a limited decree; therefore the property is still community property. Plaintiff, again on the assumption that she received a limited divorce, contends that she does not know what her marital status is. As she was denied a divorce, she and her husband are still married, although actually, not legally, separated. The decree is not uncertain, nor does it indicate that the court approved of this separation. The court merely took cognizance of the fact of separation and made provision, as was its duty, for the protection of the children.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1949.