[Civ. 15332, 15319, 15428. First Dist., Div. Two. May 27, 1953.]

JACOB HAI SOLOMON, Respondent, v. RACHEL SOLOMON, Appellant.

[Three consolidated cases.]

Henry C. Clausen and Richard G. Burns for Appellant.

Mueller & McLeod and Charles N. Douglas for Respondent.

NOURSE, P. J.—Three appeals are presented in a consolidated record. One is from an order pendente lite of the San Francisco Superior Court awarding plaintiff $250 alimony, $2,000 counsel fees, and $500 for costs. Another is an appeal from a similar order of the San Mateo Superior Court awarding plaintiff $75 a month alimony. When the defendant appealed from this second order the San Mateo court ordered her to pay $2,000 as counsel fees and $250 for costs to resist both the appeals. The defendant appealed from that order and this is the third appeal presented here. Plaintiff's cause of action at the beginning of these proceedings was named by him as an action for separate maintenance. During the course of these proceedings the cause was changed, as will hereinafter appear.

To give an overall picture of the litigation we will sketch the facts as stated in appellant's brief, some of which are corroborated and some are not. However, there is no issue of fact involved in any one of the appeals and it is not necessary for us to weigh any of the evidence.

The parties formerly lived in China where the defendant wife acquired some property of her own and raised six children. The plaintiff husband had little or nothing. The defendant then came into possession of considerable funds from her mother's estate. The parties all moved from China to this state where the parents made their home in San Mateo County and the wife, with the funds brought from China acquired some real estate in her own name. Four years before this action was commenced the plaintiff left his wife and home and made his residence in San Francisco.

On the hearing in the San Francisco court for the pendente order the defendant sought to make proof of these facts: She endeavored to prove the husband's desertion in support of her contention that he had no cause of action for separate maintenance out of the wife's separate property because of section 176 of the Civil Code. She also endeavored to prove

the financial condition of both parties, and that all the property standing in her name was her separate property. She was denied that right in every instance. The court then stated that it did not have the time nor the inclination to go into the question of the property rights, that it would "assume that counsel fees would have to be awarded the petitioner"; that, if the parties could not agree, "then the court will make an arbitrary order" as requested by plaintiff.

Respondent seeks to defend the order by the statement that counsel had in his possession an affidavit and a deposition, neither of which were offered in evidence, read to the court, or considered in making the order. ■ The early case of *Pardy* v. *Montgomery*, 77 Cal. 326 [19 P. 530], is authority for the rule that affidavits not shown to have been used on the hearing in the trial court cannot be used on appeal to support the order. Furthermore, the record discloses that the trial court would not permit plaintiff's counsel to read the affidavit or the deposition, and this emphasizes the soundness of the rule of the Pardy case.

■ In *Sweeley* v. *Sweeley*, 28 Cal.2d 389, 390 [170 P.2d 469], which involved an order for temporary alimony and counsel fees, the court said that to support an award "there must be a prima facie showing of three things: The existence of the marriage, the needs of the wife, and the ability of the husband to pay." Because of the failure to prove the two last mentioned factors the court held that the award of counsel fees and support was an abuse of discretion. The rule of that case is controlling here since the defendant was denied the right to show either the needs of the plaintiff or the ability of the defendant to pay.

We conclude that the order of the San Francisco court was an abuse of discretion—made without any evidence to support it and upon the persistent denial of defendant's right to contest the motion or to offer any evidence in opposition. None of the essential factors in a case of this kind was shown and the order was contrary to the basic principles announced and approved in *Sweeley* v. *Sweeley, supra.*

The order in appeal No. 15332 is reversed with directions to the San Francisco court to dismiss the application since it has no further jurisdiction to entertain the proceedings.

### The Second Appeal

After the cause was transferred to San Mateo County a judge of the superior court therein, on motion of the plaintiff, awarded him $75 a month alimony pendente lite.

The motion was based on an amended complaint filed October 29, 1951. Unlike the original complaint this one alleged that all the property, valued at $500,000, was acquired by plaintiff and belonged to him exclusively. Because of this amendment the interpretation of sections 176 and 137 of the Civil Code is no longer necessary. The former relates solely to applications for maintenance by the husband seeking to charge the separate property of the wife. If she has no separate property (as alleged in the amended complaint) the application is to be heard under section 137. It then states facts purporting to plead a simple case in equity to quiet title to this property, for delivery of possession to plaintiff and for declaratory relief. A demurrer to this complaint was sustained on the same day the order for support was made. This latter order was based on the allegation that plaintiff was without income, but on the hearing of that motion the defendant tendered proof that plaintiff had deserted the defendant approximately four years prior to the commencement of the action; that all the property held in the name and in the possession of the defendant was her separate property; that on January 6, 1947, the plaintiff herein executed his will, paragraph III of which reads as follows: "I hereby declare that all real and personal property, both in the State of California and elsewhere, standing of record in the name of my beloved wife, Rachel Solomon, together with the furniture and furnishings in San Carlos, is the separate property of my said beloved wife." It is conceded that all the property in litigation was acquired by the wife long before the date of this will. At the time of the hearing of the second application the only evidence of ownership showed that the San Carlos property was the separate property of the wife. It would serve no purpose to detail the evidence covering any of these statements. Respondent does not controvert any one of them.

After the change of venue, plaintiff on October 29, 1951, filed an amended complaint in which he alleged that he has property worth $500,000 with a monthly income of $3,000, which is in the hands of defendant. The prayer is not for any certain amount of maintenance but that the court "grant a decree of separate maintenance" and further asks determination of right in the property and an accounting. This complaint seems predicated on the idea that there can be a "decree of separate maintenance" independent of any need for support, in the manner of a decree for separation

from bed and board. However, such a limited divorce is unknown in California (*O'Connor* v. *O'Connor*, 91 Cal.App. 2d 147, 149 [204 P.2d 916]; *Monroe* v. *Superior Court*, 28 Cal.2d 427, 431 [170 P.2d 473]; 35 Cal.L.Rev. 153), and although there is some resemblance between separate maintenance and separation from bed and board, no cases have been found indicating that an action for separate maintenance without any need of support is permitted in California.

[4] However, the fact that the action at least in that respect might be demurrable and that a demurrer to this complaint was sustained does not necessarily prevent the granting of temporary alimony. On December 27 a minute order at the same time sustained the demurrer to the amended complaint and granted $75 a month temporary alimony after a hearing on December 14th. *McClurg* v. *McClurg*, 212 Cal. 15 [297 P. 27], upholds the granting of pendente lite orders notwithstanding sustaining of demurrer to the complaint, so long as the complaint can be amended.

At the hearing the evidence related to need and ability to pay, but the questions as to ownership of the real property and of desertion were mainly eliminated. An objection was sustained to the question whether the wife had inherited the money with which she bought the property and the husband was prevented from going into the reason for his leaving his home.

At the hearing in the superior court there was no mention of the question whether plaintiff's action was brought in good faith notwithstanding his allegation that he owned all the property and the pendency of the demurrer. This question the appellant now raises on appeal and asks us to rule on it. At the close of the argument on appeal an order was made permitting the parties to file supplemental briefs on this point and such briefs were filed. The appellant cited in support of the argument *Heller* v. *Heller,* 88 Cal.App.2d 603, 606 [199 P.2d 44], and *Bancroft* v. *Bancroft,* 9 Cal.App.2d 464, 471 [50 P.2d 465], both of which relate to the power of the trial court to make such determination. Appellant bases her argument on the chronology of the changes in plaintiff's pleadings of his causes of action; first, an action for maintenance; then an amended complaint alleging sole ownership of the property and asking equitable relief; then a second amended complaint omitting all prayer for maintenance and pleading a straight cause for equitable relief as to the property. Appellant asks us to review these pleadings to the end that

we should hold that the original application for maintenance, costs and attorneys' fees and the renewal of that application before the San Mateo court were presented in bad faith and in fraud upon the court for the purpose of procuring suit money to finance respondent's action for a partition of real and personal property. ■ Ordinarily the appellate court reviews the case only as of the time of the judgment below insofar as matters have been before the lower court (4 Cal.Jur. 2d 403, § 544). ''Pleadings filed after the ruling complained of will likewise be disregarded on appeal.'' (5 C.J.S. 134.) The few exceptions (4 Cal.Jur.2d 528, § 641; 2 McKinney's Digest 645, § 972) have little resemblance to the case before us. In *Sewell* v. *Johnson,* 165 Cal. 762 [134 P. 704, Ann.Cas. 1915B 645], the Supreme Court to prevent injustice to appellant took notice of the fact that since the judgment below, a prior judgment on which it was based was reversed. In *International Etc. Workers* v. *Landowitz,* 20 Cal.2d 418 [126 P.2d 609], the court in support of the judgment took notice of the fact that since the judgment below, the statute authorizing an action as instituted had been repealed. In *American Fruit Growers* v. *Parker,* 22 Cal.2d 513, 515 [140 P.2d 23], it is said: ''Relief by injunction operates in futuro, and the right to it must be determined as of the date of decision by an appellate court.'' It was recently quoted in *Cal-Dak Co.* v. *Sav-On Drugs, Inc.,* 40 Cal.2d 492, 496 [254 P.2d 497]. In *Gay* v. *Gay,* 146 Cal. 237, 241 [79 P. 885], the court with respect to the question of good faith in taking an appeal in a divorce action, took notice of appellant's endeavors in a parallel action before the same appellate court. However, this was done to uphold the lower court's conclusion of good faith and ''in passing.''

When plaintiff decided to drop the prayer for a decree of separate maintenance from the complaint, he may well have abandoned the action for separate maintenance and have terminated his right to temporary alimony (27 C.J.S. 905). ■ However, the termination of the right to temporary alimony by dismissal of the action or otherwise does not prevent collection of the alimony already accrued. (1 Cal.Jur. 981, § 34; *Biltmore Drug Store* v. *Superior Court,* 101 Cal.App. 363 [281 P. 710]; *Rilcoff* v. *Rilcoff,* 57 Cal.App.2d 888, 891 [135 P.2d 687]; *Lavaysse* v. *Superior Court,* 63 Cal.App.2d 223, 226 [146 P.2d 686]; *In re Larrabee,* 29 Cal.App.2d 240, 242 [84 P.2d 224].) ■ Appellant argues that an amended

complaint refers back to the time of the original complaint (*Hibernia Sav. & Loan Soc.* v. *DeRyana*, 210 Cal. 532 [292 P. 632]) and that the original complaint should no longer be considered. However, this rule is not without exceptions (21 Cal.Jur. 215, § 147) and where abandonment of the action does not relate back as to temporary alimony, amendment of the complaint should not have that effect, either. It would seem that appellant's right could be sufficiently protected by a motion in the court below to terminate the temporary alimony because of abandonment of the action for separate maintenance and bad faith in the maintenance proceedings. Our affirmance of the order is made without prejudice to the right of appellant to move to set aside the order for temporary maintenance for the reasons herein outlined.

Order affirmed.

### The Third Appeal

 The same court, on an application of plaintiff's counsel for costs and counsel fees in resisting the two previous appeals, awarded him $250 costs and $2,000 as attorneys' fees on February 13, 1952. The defendant is thus charged by the several orders with $4,000 for attorneys' fees, $750 for costs and an indefinite amount of alimony. Plaintiff's counsel filed a brief of 17 pages covering all three appeals and a supplemental brief. The sum of $4,000 for the work performed was excessive.

And now that the first award has been annulled the sum of $2,000 is likewise excessive. Before this award was made and on December 27, 1951, the San Mateo County court sustained defendant's demurrer to the amended complaint filed on October 29, 1951. When this order of February 13, 1952, was made no amended complaint was on file. On March 4, 1952, and following all the orders theretofore made, plaintiff filed a second amended complaint which is a simple action in equity to quiet title to real and personal property, for an accounting of the profits thereof while in the possession of defendant and for a distribution to plaintiff of his share of such portion of that property which may be determined to be community. This amended complaint in its prayer omits all reference to separate maintenance, divorce and court costs, but does repeat some of the allegations for separate maintenance, states grounds for a divorce and prays for counsel fees.

The picture of the litigation now presented is that a plaintiff who is suing to quiet title to real and personal property enjoys

orders to pay counsel fees, costs, and maintenance as incident to a cause of action in which such awards are not permissible. The chronology of events may be repeated: On October 29, 1951, after the award was made by the San Francisco court in Appeal No. 15332, plaintiff filed an amended complaint alleging that he was sole owner of property valued at $500,000 and that his wife owned nothing. On December 27, 1951, the San Mateo court sustained a demurrer to this complaint. Thereafter the award of $75 a month maintenance pendente lite was made. Following the appeal from that award, and on March 4, 1952, plaintiff filed his second amended complaint again alleging that he was the sole owner of all the real and personal property and asking that his title be quieted and omitting prayer for maintenance.

Reference is made to these procedural matters to illustrate appellant's final contention that they show that all the preliminary actions of the respondent leading to awards of maintenance, counsel fees and costs were made in bad faith for the sole purpose of obtaining money from the appellant to enable respondent to prosecute an action relating to the title to property. But as we have said, this is a matter for the trial court to determine upon a full hearing.

The order must be reversed with directions to rehear the application on the basis of all the circumstances relating to the good faith of plaintiff and of his right to an award of counsel fees and costs of appeal.

Order reversed.

DOOLING, J.—I concur in the order reversing the order made by the San Francisco Superior Court on the ground that no showing of necessity and ability to pay was made by respondent and appellant was not permitted to introduce evidence on those questions. I am satisfied that on an application for temporary maintenance, counsel fees and costs the court should not inquire into the question of whether or not the husband deserted his wife (Civ. Code, § 176), since that goes to the merits of the action and the merits are not in issue on an application for an allowance pendente lite (*Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 P. 715]; *Kowalsky* v. *Kowalsky*, 145 Cal. 394 ]78 P. 877]; *Storke* v. *Storke*, 99 Cal. 621 [34 P. 339]). The reason for this rule is tersely stated in the Storke case, 99 Cal., page 622: "If the court were compelled to try and determine the issues in the case before it could allow alimony, the entire **purpose** of

allowing alimony 'during the pendency of the action' would be defeated.''

I concur in the order affirming the award of $75 per month for temporary maintenance. ▮▮▮ An impecunious husband's right to support by his wife is completely correlative with that of an impecunious wife to support by her husband (Civ. Code, § 137) as are his right to pendente lite orders for support, counsel fees and costs (Civ. Code, §§137.2, 137.3).

▮▮▮ I concur in the reversal of the order allowing counsel fees and costs for opposing the two appeals on the sole ground that the amount awarded was excessive. We have affirmed the order attacked in the second appeal. The reasonable counsel fees and costs of respondent should be allowed for successfully opposing an appeal which his counsel has satisfied us should be affirmed. ▮▮▮ The trial court can now find the value of the services actually rendered by counsel in opposing the appeals and the costs actually incurred. The amounts so found should be allowed by the trial court as counsel fees and costs. (*Kohn* v. *Kohn*, 95 Cal.App.2d 722, 724 [214 P.2d 80].)

Goodell, J., concurred.

A petition for a rehearing was denied June 26, 1953, and respondent's petition for a hearing by the Supreme Court was denied July 22, 1953.