[Civ. No. 18519.   Second Dist., Div. Three.   Dec. 11, 1951.]

HUGH L. HUBBARD, JR., et al., Respondents, v. DELTA COMPANY, LTD. (a Partnership) et al., Defendants; FRANK L. SALISBURY et al., Appellants.

Robert L. Moore and John C. Goff for Appellants.

W. N. MacAdam and John F. Bender for Respondents.

VALLÉE, J.—Defendants Salisbury appeal from an adverse judgment in an action to quiet title.

On June 30, 1932, the real property involved was sold to the state for nonpayment of taxes levied for the fiscal year 1931-2. On July 1, 1937, the property was deeded to the state. On January 24, 1949, the state sold and deeded the property to plaintiffs. (Rev. & Tax. Code, div. I, pt. 6, ch. 7.)

At the conclusion of plaintiffs' case defendants offered to prove that: the property was acquired by a sister of defendant Frank M. Salisbury in 1940; he paid the consideration therefor; he acquired the property July 7, 1947; in January of 1947 he applied for and was given permission to place the property on a partial payment plan of redemption under section 4217 of the Revenue and Taxation Code; on January 25, 1947, he paid $2,630.12, which represented the 1946 taxes, a penalty, and 20 per cent of the delinquent taxes; such payment paid the taxes to April 20, 1948; he made no further payment of taxes on the property after January 25, 1947.

Plaintiffs' objection to the offer of proof was sustained.

Defendants' assignment of error is that the Legislature in amending section 4217 of the Revenue and Taxation Code unconstitutionally discriminated against defendants as persons within a class of taxpayers whose land had been deeded to the state for delinquent taxes.

Prior to September 19, 1947, section 4217 read: "Any person entitled to redeem real estate from tax sale may elect to pay delinquent taxes in installments under this article at any time before the right of redemption is terminated, except that if payment of delinquent taxes in installments is started under this article and the amount required to be paid in any fiscal year is not paid as required by this article, payments may not again be started under this article during the fiscal year in which such default occurs." In 1947 the clause "payments may not again be started under this article during the fiscal year in which such default occurs" was amended to read, "payments may not again be started under this article until July 1st of the second succeeding fiscal year after that

in which such default occurs.'' (Stats. 1947, ch. 851, § 9.)

The argument seems to be that the 1947 amendment unconstitutionally discriminates against defendants and taxpayers in their class in favor of taxpayers who had not sought the protection of the installment payment plan provided by sections 4216-4226 (Art. 2, div. I, pt. 7, ch. 3) of the Revenue and Taxation Code.

Defendants may not question the constitutionality of the 1947 amendment of section 4217. They did not offer to prove that they at any time offered to reinstate the installment plan or to redeem the property from delinquent taxes or that they made any tender to the tax collector with respect to the delinquent taxes. In fact, they expressly stated that they made no payments after January 25, 1947.

Section 4220 of the Revenue and Taxation Code provides: ''In each succeeding fiscal year [after the fiscal year in which election to pay in installments is made] the redemptioner shall pay: (a) All current taxes, penalties, and costs coming due in that fiscal year. (b) Twenty per cent, or more, of the redemption amount, plus interest on the balance of the redemption amount of one-half per cent accruing on the first day of each month following the preceding payment of a part of the redemption amount. Payments under this subdivision shall be computed and paid in the same manner as a redemption, and the receipts for such payments shall show that the payments are for the use of the real estate under this plan for payment of delinquent taxes in installments.'' Section 4221 provides that the payments required in each fiscal year after the first payment shall be made not later than April 20 of the fiscal year succeeding the fiscal year when the last payment was made. Section 4222 provides: ''If all payments are not made on or before the dates prescribed, the property may be deeded to the State or the right of redemption may be terminated in the same manner as if no election to pay delinquent taxes in installments had been made.'' Section 4223 provides: ''Payments under this article are not a redemption or partial redemption and do not affect the State's interest in the real estate. The payments are compensation for the use of the real estate.''

It is patent that as defendants did not make any payment after January 25, 1947, the property was legally sold pursuant to the provisions of sections 3691-3712 of the Revenue and Taxation Code, and their right of redemption was terminated. Merely electing to pay the delinquent taxes on the

installment plan did not give the defendants any right unless they complied with the statutory requirements to which we have referred. (See *Mercury Herald Co.* v. *Moore,* 22 Cal. 2d 269 [138 P.2d 673, 147 A.L.R. 1111].) All defendants did by the payment of January 25, 1947, was to compensate the state for the use of the property for one year. Operation of the amendment of 1947 did not injure nor is it being applied to the disadvantage of defendants. ██ One assailing a law as unconstitutional must show it deprives him of some constitutional right. (*Aikins* v. *Kingsbury,* 247 U.S. 484 [38 S.Ct. 558, 62 L.Ed. 1226, 1229]; *Rindge Co.* v. *Los Angeles County,* 262 U.S. 700 [43 S.Ct. 689, 67 L.Ed. 1186, 1194]; *American Fruit Growers* v. *Parker,* 22 Cal.2d 513, 515 [140 P.2d 23].) The 1947 amendment of section 4217 did not deprive defendants of any constitutional right.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 27, 1951, and appellants' petition for a hearing by the Supreme Court was denied February 7, 1952.